# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al.*<br><br>  Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>  Defendants. | UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT<br><br>Case No.: 1:21-cv-10083-DJC |

Defendants respectfully request a 28-day extension (until April 19, 2021) to respond to the Complaint in the above-captioned case. As grounds for the request, Defendants state:

1. Plaintiffs—lawyers, law firms, and a nonprofit legal services organization—brought this Administrative Procedure Act challenge against the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and each of their respective agency heads in their official capacity.[1] The Complaint challenges an alleged "nondisclosure policy" of records in civil immigration proceedings.

2. Plaintiffs filed their Complaint on January 15, 2021, and served Defendants on or about January 20, 2021.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the following individuals have been automatically substituted as defendants in their official capacity: (1) Alejandro N. Mayorkas, Secretary of Homeland Security; (2) Tracy L. Renaud, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; and (3) Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection. Tae D. Johnson was named in the Complaint and remains the Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement.

3.  Defendants' current deadline to respond to the Complaint is Monday, March 22, 2021.

4.  Defendants have been diligently working on their response. The Complaint, however, raises complex issues that require additional study and consultation, necessitating the requested extension. Defendants believe the requested 28-day extension will be sufficient to allow them to complete the preparation and review of their response to the Complaint.

5.  Undersigned counsel reached out to Plaintiffs' Counsel who indicated that they do not oppose the relief requested. *See infra* Rule 7.1(a)(2) Certification.

6.  For the reasons described above, Defendants contend that good cause exists for this extension.

WHEREFORE, Defendants respectfully request that the Court grant a 28-day extension of time, until April 19, 2021, for Defendants to respond to the Complaint.

March 17, 2021

BRIAN M. BOYNTON

Acting Assistant Attorney General

MARCIA BERMAN
BRIGHAM J. BOWEN
Assistant Branch Directors

/s/ Hilarie Snyder
HILARIE SNYDER
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-0747
hilarie.e.snyder@usdoj.gov

## RULE 7.1(a)(2) CERTIFICATICATION

On March 15, 2021, I communicated over email with counsel for Plaintiffs regarding this motion for extension. Counsel indicated that Plaintiffs "will not oppose defendants' motion for an additional 28 days to respond to the complaint, provided that defendants agree to reciprocate the same if plaintiffs request a similar extension in the future."

/s/ Hilarie Snyder
HILARIE SNYDER
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of March 2021 that I have filed this Motion with the Court's ECF system, which sends notice to Plaintiffs' Counsel identified on the NEF.

/s/ Hilarie Snyder
HILARIE SNYDER
Trial Attorney