IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al*.<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al*.<br><br>　　　　　　　　　Defendants. | UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT<br><br>Case No.: 1:21-cv-10083-DJC |

Defendants respectfully request an extension until February 28, 2022 to answer those portions of the original complaint, ECF No. 1, that were not dismissed. As grounds for the request, Defendants state:

1.　　Plaintiffs—lawyers, law firms, and a nonprofit legal services organization—brought this Administrative Procedure Act challenge against the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and each of their respective agency heads in their official capacity.  The complaint challenges an alleged "nondisclosure policy" of records in civil immigration proceedings.

2.　　On January 14, 2022, this Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 50. More specifically, this Court granted the motion as to the Due Process Clause, denied the motion as to asylum proceedings, and granted the motion without prejudice to amend as to removal proceedings. *Id.* at 17-18.

3.　　The Court allowed Plaintiffs until February 14, 2022 to amend their complaint. *Id*. at 18.

1

4. Because this Court denied, in part, the motion to dismiss, Federal Rule of Civil Procedure 12(a)(4)(A) requires Defendants to answer those portions of the complaint involving asylum proceedings by January 28, 2022, fourteen days after the Court's Order on the motion to dismiss and about two weeks before Plaintiffs' deadline to amend the complaint.

5. Plaintiffs' counsel indicated that, at this time, they anticipate filing an amended complaint by February 14.

6. If filed, that amended complaint would supersede the original complaint, *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003), and Defendants would have to respond anew to the amended complaint.

7. It is most efficient for Defendants to respond only once, either to an amended complaint or, if Plaintiffs ultimately choose not to amend, the original complaint. As such, Defendants respectfully request until February 28, 2022 (two weeks after the deadline to file an amended complaint) to, if necessary, answer the surviving allegations in the original complaint. Of course, if Plaintiffs file an amended complaint, then the new complaint will supersede the original, and Defendants would not answer the original complaint.

8. Undersigned counsel reached out to Plaintiffs' counsel who indicated that they do not oppose the relief requested. *See infra* Rule 7.1(a)(2) Certification.

9. For the reasons described above, Defendants contend that good cause exists for this extension.

WHEREFORE, Defendants respectfully request that, if Plaintiffs do not amend their complaint, this Court permit Defendants until February 28, 2022 to answer the surviving parts of the original complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 24, 2022 | BRIAN M. BOYNTON |
|  | Acting Assistant Attorney General |
|  | MARCIA BERMAN<br>BRIGHAM J. BOWEN<br>Assistant Branch Directors |
|  | /s/ Hilarie Snyder<br>HILARIE SNYDER<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 305-0747<br>hilarie.e.snyder@usdoj.gov |

## RULE 7.1(a)(2) CERTIFICATICATION

I communicated telephonically and over email with counsel for Plaintiffs regarding this motion for extension. Counsel indicated that Plaintiffs "will assent to your motion."

/s/ Hilarie Snyder
HILARIE SNYDER
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify on this 24th day of January 2022 that I have filed this Motion with the Court's ECF system, which sends notice to Plaintiffs' Counsel identified on the NEF.

/s/ Hilarie Snyder
HILARIE SNYDER
Trial Attorney