IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al.*<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | **(1)  JOINT MOTION FOR BRIEFING SCHEDULE AND TO VACATE THE MARCH 7 SCHEDULING CONFERENCE, AND**<br><br>**(2)  STATUS REPORT ON THE PARTIES' POSITIONS REGARDING RESCHEDULING THE CONFERENCE**<br><br>Case No.: 1:21-cv-10083-DJC |

The parties respectfully request that this Court enter a briefing schedule for Defendants' anticipated motion to dismiss and vacate the March 7, 2022 scheduling conference, along with the associated deadlines in Local Rule 16.1. The parties, however, disagree on when that scheduling conference should be rescheduled. Plaintiffs ask that it be rescheduled for the earliest convenient date after March 14, the proposed deadline for Defendants' responsive pleading. Defendants request that the conference occur after the Court issues its decision on the upcoming motion to dismiss. As grounds for this request, the parties state:

1. Plaintiffs—lawyers, law firms, and a nonprofit legal services organization—brought this Administrative Procedure Act ("APA") challenge against the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and each of their respective agency heads in their official capacity.

2. On January 14, 2022, this Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 50. The Court allowed Plaintiffs until February 14, 2022 to amend

1

portions of their complaint. *Id*. at 18. And it set a scheduling conference for March 7, 2022. ECF No. 51.

3. On February 14, Plaintiffs filed their amended complaint, ECF No. 57.

4. Defendants plan to file a motion to dismiss.

5. With respect to that motion to dismiss, the parties jointly request the following briefing schedule:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Defendants' Motion to Dismiss | March 14, 2022 |
| Plaintiffs' Opposition to Motion to Dismiss | April 4, 2022 |
| Defendants' Reply in Support of Motion to Dismiss | April 25, 2022 |

6. This proposed briefing schedule extends by two weeks the time within which Defendants have to respond to the amended complaint, extends by one week the time Plaintiffs will have to respond to the anticipated motion to dismiss, and provides for a reply brief. The extra time is reasonable to enable counsel to coordinate with their respective clients. Defendants also believe that a reply brief will be helpful to the Court as it considers the motion to dismiss.

7. The parties contend that good cause exists for these extensions and this briefing schedule, and respectfully request that the Court enter the schedule in paragraph 5 above.

8. Additionally, the parties respectfully request that this Court reschedule the March 7, 2022 scheduling conference (ECF No. 51) and abate the associated deadlines imposed by Local Rules 16.1. The parties agree that the scheduling conference will be more productive once Defendants have completed, and Plaintiffs and the Court can review, the motion to dismiss.

9. The parties, however, disagree regarding when to reschedule the conference and have stated their respective positions in the paragraphs below.

10. <u>Plaintiffs' Position</u>: Plaintiffs request that the Court reschedule the conference to the earliest convenient date following the filing of the motion to dismiss. Plaintiffs' position is designed to serve the interest of judicial economy as well as to advance the public interest in the prompt resolution of the important claims presented by this case.

- First, the Court has already determined that a portion of Plaintiffs' case, relating to asylum proceedings, may move forward. ECF No. 50 at 17-18. Plaintiffs thus wish to proceed with production and review of the administrative record with regard to asylum—and any appropriate corresponding discovery—as soon as feasible, and believe that progress on this aspect of the case will minimize the need for judicial intervention to resolve any disputes that may arise with remaining aspects of the case.

- Second, although the government seeks to hold all aspects of the case at bay until this Court resolves its anticipated motion to dismiss, Plaintiffs and the Court do not yet know the scope of the arguments that Defendants will make in that filing. Plaintiffs respectfully submit that the filing of the government's responsive pleading will provide the Court and the parties with information about the scope of the disputes in the case, and thus provide an appropriate time for the Court to set a reasonable schedule for addressing Plaintiffs' claim as it relates to asylum proceedings.

- Third, Defendants also assert that there is uncertainty concerning the impact of the Court's decision on "the Plaintiffs' allegations claim, and relief premised on a

noncitizen's due process rights." As Plaintiffs stated in the Amended Complaint, however, "Plaintiffs acknowledge the Court's ruling that they are not entitled to make a claim of a 'violation of third-party due process rights' on the basis of the allegations in this Complaint." ECF No. 57 at 30-31, n.9. In any event, any uncertainty on the point likely weighs in favor of a conference sooner rather than later.

11. <u>Defendants' Position</u>: Defendants contend that the scheduling conference should occur after the Court decides the anticipated motion to dismiss. There is typically no discovery in an APA case. Instead, Defendants are responsible for compiling and producing an administrative record for those portions of the claim that survive the motion to dismiss. In order to compile that record, Defendants must know which portions of Plaintiffs' challenge will be going forward, including which types of civil immigration proceedings and which statutes, regulations, and constitutional provisions are involved. And they will not know that with certainty until the Court decides Defendants' renewed motion to dismiss. Further, Local Rule 16.1 requires the parties to meet and confer on scheduling and settlement in advance of the conference with the Court. If the scheduling conference occurs before the Court decides the motion to dismiss, Defendants will not have the benefit of this Court's views on the amended complaint and will, at best, be speculating about the scope of the applicable administrative record and the time necessary to compile it. For example, the parties seem to disagree on how this Court's January 14, 2022 decision impacts Plaintiffs' allegations, claim, and relief premised on a noncitizen's due process rights. Defendants understood this portion of Plaintiffs' complaint to have been dismissed by the Court's Memorandum and Order, ECF No. 50, but it nonetheless remains in the amended complaint. As such, Defendants respectfully request that the Court consider and decide the upcoming motion to

dismiss before the parties participate in a scheduling conference and are required to comply with Local Rule 16.1.

WHEREFORE, the parties respectfully request that this Court enter the briefing schedule described in paragraph 5 above and vacate the March 7, 2022 scheduling conference. Plaintiffs request that the Court reschedule that conference for the earliest available time after March 14, 2022. Defendants request that the Court reschedule the conference for a time after the Court decides the motion to dismiss.

February 24, 2022                                                             Respectfully submitted

| | |
|---|---|
| /s/ Adriana Lafaille<br>Matthew R. Segal (BBO #654489)<br>Adriana Lafaille (BBO #680210)<br>Krista Oehlke (BBO #707566)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.<br>One Center Plaza, Suite 850<br>Boston, MA 02108<br>(617) 482-3170<br>ALafaille@aclum.org<br><br>/s/ John T. Montgomery<br>John T. Montgomery (BBO #352220)<br>Amanda L. Pine (BBO #707611)<br>Thanithia Billings (BBO #699018)<br>ROPES & GRAY LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7000<br>John.Montgomery@ropesgray.com<br><br>Meghan Gilligan Palermo (admitted pro hac vice)<br>Deanna Minasi (admitted pro hac vice)<br>Lauren Bergelson (admitted pro hac vice)<br>Ricardo Mullings (admitted pro hac vice)<br>Phillip Kraft (admitted pro hac vice)<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000 | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>MARCIA BERMAN<br>BRIGHAM J. BOWEN<br>Assistant Branch Directors<br><br>/s/ Hilarie Snyder<br>HILARIE SNYDER<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 305-0747<br>hilarie.e.snyder@usdoj.gov |

| Meghan.GilliganPalermo@ropesgray.com | |
|---|---|
| | |