## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | **DEFENDANTS' ANSWER**<br><br>Case No.: 1:21-cv-10083-DJC |

## <u>DEFENDANTS' ANSWER</u>

Defendants, by and through their undersigned counsel, hereby answer Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, ECF No. 57.

The unnumbered headings throughout the Amended Complaint and footnote 1 contain Plaintiffs' characterizations of this action and/or a summary of their legal position, and require no response. To the extent a response is required, Defendants deny those allegations.

The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to asylum proceedings," ECF No. 80, at 9. Defendants understand this to mean that all claims challenging the alleged, so-called "nondisclosure policy" in immigration proceedings, procedures, and processes, including removal proceedings, are dismissed except the claim challenging the purported policy as allegedly applied by United States Citizenship and Immigration Services (USCIS) in adjudicating affirmative asylum applications (Form I-589). Defendants also understand the Court's order to dismiss all claims challenging the alleged, so-called "nondisclosure policy" that rely on, or reference, purported disclosure obligations allegedly rooted in the due process clause. *Id.* at 1-2, 9. Defendants need not, and do not, respond to the allegations in the

numbered paragraphs that relate to the dismissed claims. With respect to the portions of the Amended Complaint that survived the motion to dismiss, which Defendants generally describe as "affirmative asylum proceedings," Defendants respond to the numbered paragraphs as follows:

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 1 describing Plaintiffs as "attorneys, small law firms, and a nonprofit legal services corporation who represent noncitizens in immigration matters." Defendants deny the remaining allegations in paragraph 1 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 1, including those in footnote 2, relating to the dismissed claims.

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 2. Defendants deny the remaining allegations in paragraph 2 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 2 relating to the dismissed claims.

3.      Defendants deny the allegations in paragraph 3 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 3 relating to the dismissed claims.

4.      Defendants deny the allegations in paragraph 4 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to"

affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 4 relating to the dismissed claims.

5.     This paragraph contains conclusions of law to which no response is required, but insofar as one is deemed required, Defendants deny the allegations in paragraph 5 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 5 relating to the dismissed claims.

6.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 6 appear to relate entirely to the dismissed claims; thus Defendants need not, and do not, respond. To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants deny the allegations in paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding how Plaintiffs structure their practices, whether Plaintiffs are dedicated to providing quality representation, and whether they work diligently. Defendants deny the remaining allegations in paragraph 7 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 7 relating to the dismissed claims, including those in the last sentence.

8.     Defendants admit that Plaintiffs seek declaratory and injunctive relief, but deny that they are entitled to such relief. Defendants deny the remaining allegations in paragraph 8 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except

"Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 8 relating to the dismissed claims.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.      Defendants deny that William E. Graves, Jr. is a plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15.

16.      Defendants admit the allegations in paragraph 16 and aver that the Department of Homeland Security is one of the executive agencies responsible for administering and enforcing the country's immigration laws.

17.      Defendants admit the allegations in paragraph 17.

18.      Defendant admits the allegations in paragraph 18.

19.      Defendant admits the allegations in paragraph 19.

4

20. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 20 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.  To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants admit them.

21. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 21 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond. To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants deny that Tae D. Johnson's title is "Acting Director of ICE" and admit the remaining allegations in paragraph 21.

22. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 22 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.  To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants admit them.

23. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 23 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.  To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants deny them and aver that Troy A. Miller is the Acting Commissioner for U.S. Customs and Border Protection and has been substituted pursuant to Federal Rule of Civil Procedure 25(d).

24. This paragraph contains conclusions of law to which no answer is required.

25.     This paragraph contains conclusions of law to which no answer is required.

26.     Defendants deny the allegations in the second sentence of paragraph 26 as they relate to affirmative asylum proceedings. Defendants admit that DHS maintains electronic and paper records concerning noncitizens that DHS interacts with in immigration proceedings, but denies the remaining allegations in the first sentence that it maintains both electronic and paper records concerning every noncitizen that it interacts with in immigration proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 26 relating to the dismissed claims.

27.     Defendants deny the allegations in paragraph 27 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 27 relating to the dismissed claims.

28.     Defendants deny the allegations in paragraph 28 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 28 relating to the dismissed claims.

29.     Defendants deny the allegations in paragraph 28 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 29 relating to the dismissed claims.

30.     Defendants deny the allegations in the first sentence of paragraph 30 as they relate to affirmative asylum proceedings. Defendants admit the allegations in the second sentence of

paragraph 30 that USCIS reviews information in a noncitizen's file. Defendants deny the remaining allegations in the second sentence of paragraph 30. The remaining allegations in paragraph 30, including those in footnote 3, relating to affirmative asylum proceedings contain conclusions of law to which no response is required, but insofar as one is deemed required, denied. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 30 relating to the dismissed claims.

31.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 31 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

32.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 32 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

33.     Defendants deny the allegations in paragraph 33 as they relate to affirmative asylum proceedings. The allegations in footnote 4 relating to affirmative asylum proceedings contain conclusions of law, to which no response is required. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 33 relating to the dismissed claims.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 35. Defendants deny the allegations in the second sentence of paragraph 35.

36.     Defendants deny the allegations in paragraph 36 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 36 relating to the dismissed claims.

37.     Defendants deny the allegations in the first sentence of paragraph 37 as they relate to affirmative asylum proceedings. The last sentence of paragraph 37 contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied as to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 37 relating to the dismissed claims.

38.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 38, including those in footnote 5, relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

39.     Defendants deny the allegations in paragraph 39 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 39 relating to the dismissed claims.

40.     Defendants deny the allegations in paragraph 40 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 40 relating to the dismissed claims.

41. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 41 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

42. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 42 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

43. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 43 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

44. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 44 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

45. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 45 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

46. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 46 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

47. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 47 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

48.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 48 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

49.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 49 appear to relate entirely to the dismissed claims; thus Defendants need not, and do not, respond. To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants admit that in the first sentence of paragraph 49 Plaintiffs have accurately quoted a portion of the Court's opinion in *Nightingale v. USCIS*, 507 F. Supp.3d 1193 (N.D. Cal. 2020). The second sentence of paragraph 49 reflects Plaintiffs' characterization of DHS's arguments in the *Nightingale* case. To the extent a response is required, Defendants deny that Plaintiffs have fully and correctly described Defendants' position.

50.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 50 appear to relate entirely to the dismissed claims; thus Defendants need not, and do not, respond. To the extent, however, any of these allegations relate to affirmative asylum proceedings, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding a 2019 letter or its contents, and deny the remaining allegations.

51.     The allegations in paragraph 51 contain conclusions of law to which no response is required.

52.     The allegations in paragraph 52 contain conclusions of law to which no response is required, but insofar as one is deemed required, denied as to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative

asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 52 relating to the dismissed claims.

53.     The allegations in paragraph 53 contain conclusions of law to which no response is required.

54.     The allegations in the first sentence of paragraph 54 contain conclusions of law to which no response is required. Defendants deny the remaining allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants admit the allegations in the last sentence of paragraph 56 that Track Three is not available to noncitizens seeking benefits in front of USCIS. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The remaining allegations in paragraph 56 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

57.     Defendants deny that FOIA requests "are plagued by similar delays" and lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 57 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 57 relating to the dismissed claims.

58.     Defendants deny the allegations in paragraph 58 regarding the alleged FOIA "delays" and deny the remaining allegations in paragraph 58 as they relate to affirmative asylum proceedings.  The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 57 that relate to the dismissed claims.

59.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 48 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

60.     Defendants deny the allegations in paragraph 60 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 60 relating to the dismissed claims.

61.     Defendants deny the allegations in paragraph 61 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 61 relating to the dismissed claims.

62.     Defendants deny the allegations in paragraph 62 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 62 relating to the dismissed claims.

63.     Defendants deny the allegations in the first sentence of paragraph 63 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 61 relating to the dismissed claims.

64.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 64 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

65.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 65 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

66.     Defendants deny the allegations in paragraph 66 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 66 that relate to the dismissed claims.

67.     Defendants deny the allegations in paragraph 67 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 67 that relate to the dismissed claims.

68.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 68 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

69.     Defendants deny the allegations in the first, second, and fourth sentences of paragraph 69 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 69 that relate to the dismissed claims, including those in the third sentence of paragraph 69.

70.      The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 70 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

71.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 71 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

72.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 72, including those in footnote 6, relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

73.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 73, including those in footnote 7, relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

74.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 74, including footnote 8, relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

75.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 75 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 76 and the allegations in the fourth sentence about Plaintiffs' mission and goals. Defendants deny the allegations in the third sentence and deny the remaining allegations in the fourth sentence of paragraph 76 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except

"Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 76 relating to the dismissed claims.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 78. Defendants deny the allegations in the second sentence of paragraph 78 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 78 relating to the dismissed claims.

79.     Defendants deny the allegations in paragraph 79 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 79 relating to the dismissed claims.

80.     Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations about what information Plaintiffs collect and deny the remaining allegations in paragraph 80 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 80 relating to the dismissed claims.

81.     Defendants deny that FOIA requests are futile and lack knowledge or information sufficient to form about a belief about the truth of the remaining allegations in paragraph 81 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims

except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 81 relating to the dismissed claims.

82.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 82 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

83.     Defendants lack knowledge or information sufficient to form about a belief about the truth of the allegations regarding what Plaintiffs "know" or how Plaintiffs prepare, and deny the remaining allegations in paragraph 83 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 83 relating to the dismissed claims, including those in the third sentence.

84.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 84 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

85.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 85 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

86.     Defendants deny the allegations in paragraph 86 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 83 relating to the dismissed claims.

87.     Defendants deny the allegations in paragraph 87 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 87 relating to the dismissed claims.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the second sentence regarding GBLS's mission and the mission and goals of the private attorney and private law firm Plaintiffs, the allegations in first sentence about the amount of time that Plaintiffs spend on a case, and the allegations in the third and fourth sentences of that paragraph. Defendants deny the remaining allegations in paragraph 88 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph relating to the dismissed claims.

89.     The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. The allegations in paragraph 81 relate entirely to the dismissed claims; thus Defendants need not, and do not, respond.

90.     Defendants deny the allegations in paragraph 90 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 90 relating to the dismissed claims.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 regarding Plaintiffs' fee arrangements and ability to recover costs incurred. Defendants deny the remaining allegations in paragraph 91 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except

"Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 91 relating to the dismissed claims.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 92. Defendants deny the remaining allegations in paragraph 92 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 92 relating to the dismissed claims

93.     Defendants incorporate by reference its responses to the above paragraphs.

94.     The allegations in paragraph 94 contain conclusions of law to which no response is required.

95.     Defendants deny the allegations in paragraph 95 as they relate to affirmative asylum proceedings. The Court has dismissed all of Plaintiffs' claims except "Plaintiffs' APA claim as to" affirmative asylum proceedings, ECF No. 80, at 9. Thus, Defendants need not, and do not, respond to the allegations in paragraph 95, including those in footnote 9, that relate to the dismissed claims.


The remainder of the Amended Complaint sets forth Plaintiffs' requested relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief they seek or to any relief in this action.

Defendants  deny all allegations in Plaintiffs' Amended Complaint not expressly admitted or denied.

## DEFENSES

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

*See* ECF Nos. 24, 42, 63, 68.

2.      Plaintiffs' claims are barred by the six-year statute of limitations.

3.      This Court lacks jurisdiction over Plaintiffs' claims for want of standing.


April 20, 2023                                  BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                MARCIA BERMAN
                                                BRIGHAM J. BOWEN
                                                Assistant Branch Directors

                                                /s/ Hilarie Snyder
                                                HILARIE SNYDER
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division
                                                Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20005
                                                (202) 305-0747
                                                hilarie.e.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on this 20th day of April 2023 that I have filed this Answer with the Court's

ECF system, which sends notice to Plaintiffs' Counsel identified on the NEF.

                                                /s/ Hilarie Snyder
                                                HILARIE SNYDER
                                                Trial Attorney