# EXHIBIT B

information on the HSI-FL.

Local Asylum Office policy determines whether an AO must consult with an SAO or other office personnel if an AO wants to send a document for analysis. If the AO retains an original document, he or she notes on a Form I-72 or an office equivalent form the name of the document and the reason it is being retained. The AO gives the original Form I-72 or office equivalent form to the applicant as a receipt.

Given the circumstances of a particular case, an Asylum Office Director may place a case on hold while awaiting a report on the analysis of a document. This authority cannot be delegated. Please note that by placing a case on hold for awaiting documentation, the result is an applicant-cause delay as it pertains to the EAD 365-day waiting period.

The submission of fraudulent documents by an applicant may affect his or her eligibility for asylum. AOs must be familiar with guidance on this issue that has been provided by HQASM. *See* Langlois, Joseph E. Matter of O-D-, Int. Dec 3334 (BIA 1998), Memorandum to Asylum Directors, Supervisory Asylum Officers, and Asylum Officers, 29 April 1998, 3p., and Langlois, Joseph E. Discovery of Fraudulent Documents After the Asylum Interview, Memorandum to Asylum Directors, Supervisory Asylum Officers and Asylum Officers, 27 May 1998, 2p.

## 9. Note-taking by the AO During an Asylum Interview

Most interviews will require standard note-taking as outlined in the RAIO Combined Training Module: Interviewing - Note Taking; however, HQASM requires notes in sworn statement format under the following circumstances:

- The applicant admits, or there are serious reasons to believe, he or she is associated with an organization included on either the Foreign Terrorist Organizations List or the Terrorist Exclusion List, both of which are compiled by the Department of State and are available at http://www.state.gov/s/ct/, or that he or she is or has been a member of any other terrorist organization.
- The applicant admits, or there are serious reasons to believe, she or he is involved in terrorist activities.
- The applicant admits, or there are serious reasons to believe, he or she assisted or otherwise participated in the persecution of others on account of one of the 5 enumerated grounds.
- There are serious reasons for considering the applicant a threat to national security.
- The applicant admits that or there are serious reasons to believe that he or she committed or was convicted of a serious crime outside of the U.S. and the file does not contain a record of the conviction.
- The applicant admits, or there are serious reasons to believe, he or she committed human rights abuses.

The circumstances noted above all relate to mandatory bars to asylum. Because an applicant's admission may be used as a basis to institute deportation or removal proceedings against him or her, or as a basis for DHS to detain the applicant, it is crucial for the AO to take notes in a sworn statement format about the mandatory bar.

When an AO determines that an applicant has provided information that pertains to one of the circumstances listed above, the AO begins taking notes in the Q&A format on a new sheet of paper in order to separate them from any notes the AO may have already recorded. Once the AO uses this format, he or she continues to use it until the end of interview, even if the discussion surrounding a possible mandatory bar has concluded. The sworn statement Q&A does not have to be a verbatim account of every comment made during the interview, but it must provide a full and accurate record to the specific questions asked of the applicant and the applicant's specific answers. Each page of the sworn statement should contain the applicant's A-number, the date of the interview, and the AO's name. AOs may be required to inform their SAO or other Asylum Office personnel if they know prior to the interview that they will need to take notes in Q&A format. Check with local Asylum Office management for requirements.

At the conclusion of the interview, the AO incorporates the Q&A notes into the sworn statement template (Appendix 63) and reviews the

USCIS00003219

At the conclusion of the interview, the AO incorporates the Q&A notes into the sworn statement template (Appendix 63) and reviews the sworn statement with the applicant, making any corrections requested by the applicant. The applicant initials the bottom right-hand corner of each page. Both the AO and the applicant print and sign their names below the last recorded answer.

The AO draws a diagonal line from the end of the testimony to the bottom of the page to ensure that no one adds additional comments. If the applicant refuses to sign and/or initial the sworn statement, the AO writes a note to that effect on the last page. The AO prints and signs his or her name and draws a diagonal line from the end of the testimony to the bottom of the page.

If requested, the Asylum Office may give the applicant a copy of the sworn statement without requiring the applicant to file a request under the Freedom of Information Act (FOIA).

## 10. Applicant Testifies to Fraudulent Entry or Violation of Status

Asylum Office personnel may encounter an applicant who was inspected and admitted, and whose authorized period of stay has not expired, but who testifies that he or she gained admission to the U.S. through fraud or that he or she has violated the conditions of his or her status.

Cases presenting substantiated fraud or misrepresentation are among DHS's enforcement priorities. Aliens falling under INA § 212(a)(6)(C), removable aliens who "have engaged in fraud or willful misrepresentation in connection with any official matter or application before a governmental agency," and removable aliens who have abused any program related to receipt of public benefits are all priorities for removal. While the NTA is not required to include the charge of fraud or misrepresentation (INA §§ 212(a)(6)(C)), efforts should be made to include this charge whenever evidence in the record supports such a charge. *See Updated Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Deportable Aliens*, USCIS Policy Memorandum 602-0050.1, 28 June 2018, 11 p.

Asylum Office Directors maintain discretion to establish local policies, in consultation with local USCIS Area Counsel and/or ICE Office of the Principal Legal Advisor (OPLA), as to note-taking, documentation of the file, whether to treat such an applicant as in- or out-of-status for the purposes of issuing a Notice of Intent to Deny (NOID), whether and how a charging document is prepared, and whether consultation with the Director is required in making any of the above determinations. Asylum Office Directors establish local policies in accordance with the following priorities:

- A charging document issued by the Asylum Office will be sustained by the Immigration Court, i.e., proceedings will not be terminated, regardless of whether the alien appears for his or her hearing before the Immigration Judge.
- Charges on an NTA are substantiated, i.e., if fraud is charged, there is sufficient evidence for DHS to prevail on that charge before the Immigration Judge.
- The file is documented with a reliable record of the applicant's testimony and copies of evidence in the applicant's possession.
- The asylum application is processed and completed in a timely manner.

## 11. Conducting an Interview in a Language other than English

Each Asylum Office has a local policy on whether an AO may conduct an asylum interview in a language other than English in accordance with the below guidance. If the local policy allows an AO to conduct interviews in a language other than English, the AO must be certified by the Department of State (DOS). The process for getting certified in a foreign language by DOS is described below.

USCIS00003220

## II.N. AO Prepares a Decision

(last updated 8/25/2020)

**II.N. AO Prepares a Decision**

1. Applicant Appears Eligible for Asylum

2. Applicant Appears Ineligible for Asylum

**Navigation**

Table of Contents

Previous: II.M. AO Researches a Case

Next: II.O. SAO Reviews File

# II.N. AO PREPARES A DECISION

Once the AO completes the interview, he or she prepares the decision.The AO writes an Assessment or NOID in every interviewed case adjudicated by the Asylum Office. Local office policy dictates whether an individual other than an AO prepares a decision letter, NTA, I-94 card, etc.

This section lists the possible decisions that an AO may reach, and the documents that must be prepared to support that decision. The instructions on which documents to prepare presume that the immigration status of the principal applicant and all dependents are the same.

If a dependent's immigration status is different from the principal applicant's status, the principal applicant may receive different documents than those listed in this section.  These are referred to as "Split Decisions."  An outline of how to process a split decision may be found in Section III.E.9.

## 1. Applicant Appears Eligible for Asylum

The Asylum Office grants asylum in the exercise of discretion to an applicant who qualifies as a refugee under Section 101(a)(42) of the INA and is not barred from relief under Section 208(a)(2) or 208(b)(2) of the INA.  See also 8 C.F.R. 208.14(b).

### a. Recommended Approval

As of August 25, 2020, USCIS no longer issues recommended approvals.

### b. Asylum Approval

The Asylum Office issues an asylum approval when results of all required identity and security checks for the principal applicant and all dependent family members are current and complete and allow for an approval.

The following is an outline of the documents and the Form I-589 and RAPS updates associated with an asylum approval.  Detailed instructions on how to prepare the documents can be found in Section IV, "How To..." of this manual.

- Assessment to Grant
- Asylum Approval letter (Appendix 17, 49, or 50)
- I-94 card, endorsed with asylum approval stamp (see Section IV.E below) that bears the date of asylum approval, signature, Asylum Office code, and office ID number of the adjudicating officer.
- Asylum and NACARA § 203 Background Identity and Security Checklist(Appendix 1 of the Identity and Security Checks Procedures Manual)
- RAPS – FDEC of G1
- When updating "basis of the claim" section, enter the basis upon which the case is decided, rather than basis claimed by the applicant (if there is a difference).
- If the claim is being granted based solely on coercive family planning (CFP) policies, place an "X" next to  the CFP ground **only.** For more information on CFP cases, see Section III.B.2.
- I-589 – "FOR BCIS USE ONLY" section.  Asylum Office personnel complete the appropriate area(s) of this section, indicating a final approval, date, and Asylum Officer ID number.
- RAPS – GLET for service of decision letter

## 2. Applicant Appears Ineligible for Asylum

### a. Asylum Office Authority to Issue Decisions to Applicants who Appear Ineligible for Asylum

The Asylum Office's authority to issue decisions to individuals who are found ineligible for asylum is defined by regulation. 8 C.F.R. 208.14(c).  Because the authority of the Asylum Office varies depending on the individual's status, the type of decision prepared depends on the status of the individual at the time the decision is issued (mailed or personally served)  not at the time of decision preparation or

2/4

on the status of the individual at the time the decision is issued (mailed or personally served), not at the time of decision preparation or interview, if there is a difference.

Asylum Office Directors maintain the discretion to establish the most efficient workflow for the processing of decisions for individuals who appear ineligible for asylum provided that:

- The type of decision is appropriate under the regulations at the time it is issued; and
- In the absence of exceptional circumstances, asylum applications are processed in a manner consistent with established timeliness requirements and without unreasonable delay.

See Section III.N for special procedures governing parolees.

### b. Referral

The Asylum Office must refer to the Immigration Court for adjudication in removal proceedings an applicant who is ineligible to apply for or be granted asylum and appears inadmissible or deportable at the time the decision is issued. 8 C.F.R. 208.14(c)(1). *See also Updated Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Deportable Aliens*, USCIS Policy Memorandum 602-0050.1, 28 June 2018, 11 p.

The following is an outline of the documents associated with a referral. Detailed instructions on how to prepare the documents can be found in Section IV, "How To…" of this manual.

- Assessment to Refer (Appendix 46)
- Form I-213, Record of Deportable/Inadmissible Alien, if required. *Check with local Asylum Office management about requirements for preparing Form I-213.*
- Form I-862, Notice to Appear (NTA), or Form I-863, Notice of Referral to Immigration Judge
- Referral Notice (Appendices 51, 52, 53, 54 and 55)
- Asylum and NACARA § 203 Background Identity and Security Checklist (Appendix 1 of the Identity and Security Checks Procedures Manual)
- Global decision card, with a deportation code of A1 if an NTA is to be issued, A5 if an I-863 is to be issued.
- When updating "basis of the claim" section, enter the basis upon which the case is decided, rather than basis claimed by the applicant (if there is a difference). Global allows entry of no nexus if the applicant failed to establish nexus to one of the five protected grounds.
- Global and ECHO to generate an NTA and Form I-213, if required.
- I-589 - "FOR BCIS USE ONLY" section. If the form does not contain a space for a referral, Asylum Office personnel write "referral," the Asylum Officer ID number, and the date of the decision. Update the Global Service card for service of decision letter.

### c. Notice of Intent to Deny (NOID)

The Asylum Office issues a denial of asylum to an applicant who is ineligible to apply for or be granted asylum and is maintaining valid immigrant, nonimmigrant, or Temporary Protected Status ("in-status") at the time the decision on the application is issued. Prior to denial, the Asylum Office issues an in-status applicant a NOID (Appendix 45), providing him or her 10 days, plus 6 days for mailing (a total of 16 days), to rebut the reasons for the denial. Any rebuttal is considered prior to making a final decision in the case. An applicant found eligible for asylum after the rebuttal period is processed for approval as indicated above in this section. An applicant found ineligible for asylum is processed as a denial or referral, as described in this section.

Under 8 CFR § 208.11(c), an applicant must be provided the opportunity to review and respond to any Department of State (DOS), Bureau of Democracy, Human Rights and Labor (DRL) comments prior to the issuance of any final decision to deny the application. In accordance with this regulation, if the basis for issuing the NOID is, in part, based on DOS DRL comments, the NOID must cite to the use of the DOS DRL comment letter and note the specific information applied in reaching the adverse determination. A copy of the DOS DRL comment letter should be attached to the NOID for the applicant's reference.

From time to time, Asylum Office personnel will encounter an applicant who nears and reaches the end of his or her period of authorized stay during the processing of the asylum application. As indicated in Section II.N.2, an Asylum Office Director maintains the discretion to establish procedures to ensure that the appropriate decision is prepared based on the applicant's status at the time the decision is issued, without undue delay.

*For discussion of extensions of periods of nonimmigrant status, see Section III.G.*

The following is an outline of the documents and RAPS updates associated with a NOID. Detailed instructions on how to prepare the documents can be found in Section IV, "How To…" of this manual.

3/4

USCIS00003229

documents can be found in Section IV, "How To..." of this manual.

- Notice of Intent to Deny (NOID) (Appendix 45)
- RAPS – "Y" and expiration date entered in VIST
- RAPS – PDEC of D1-D7, deportation code A6.
- When updating the "basis of the claim" section, enter the basis upon which the case is decided, rather than basis claimed by the applicant (if there is a difference). The RAPS screen allows entry of "NO," for no nexus if applicant failed to establish nexus to one of the five protected grounds.
- I-589 – "FOR BCIS USE ONLY" section. Asylum Office personnel write "NOID," the Asylum Officer ID number, and the date of the decision.
- RAPS – DINT for service of the NOID, RBUT for receipt of any rebuttal.

### d. Denial

After a NOID and rebuttal period, the Asylum Office denies asylum to an applicant who is ineligible to apply for or be granted asylum and is maintaining valid immigrant, nonimmigrant, or Temporary Protected Status or has valid parole at the time the decision on the application is issued. If the applicant lost valid status between the issuance of the NOID and the date of issuance of the final decision, a referral is issued. 8 C.F.R. 208.14(c).

The following is an outline of the documents and the Form I-589 and RAPS updates associated with a denial. Detailed instructions on how to prepare the documents can be found in Section IV, "How To..." of this manual.

- Final Denial (Appendices 56, 57, and 58)
- Asylum and NACARA § 203 Background Identity and Security Checklist(Appendix 1 of the Identity and Security Checks Procedures Manual)
- RAPS – "Y" entered in VIST
- RAPS – FDEC of D1-D7, deportation code A6.
- When updating "basis of the claim" section, enter the basis upon which the case is decided, rather than basis claimed by the applicant (if there is a difference). The RAPS screen allows entry of "NO," for no nexus if applicant failed to establish nexus to one of the five protected grounds.
- I-589 – "FOR BCIS USE ONLY" section. If required by local Asylum Office policy, the AO completes the appropriate area(s) of this section, indicating a denial.
- RAPS –DENY for service of decision letter.

Print Version

Start of Page

# Lesson Plan Overview

| | |
|---|---|
| **Course** | Refugee, Asylum and International Operations Directorate Officer Training Asylum Division Officer Training Course |
| **Lesson** | ***Decision Writing Part I:  Overview and Components*** |
| **Rev. Date** | December 14, 2017 |
| **Lesson Description** | This lesson introduces the asylum officer to the standard format for written asylum decisions.  Through lecture, discussion, and practical exercises, the asylum officers will become familiar with the components of the written decision, the required writing style, and techniques for writing concise summaries of applicant testimony. |
| **Terminal Performance Objective** | Given a request for asylum in which a preliminary decision has been reached, the asylum officer will be able to write clear, concise, complete, and legally sufficient assessments to grant or refer and Notices of Intent to Deny (NOID) asylum within designated time constraints. |

**Enabling Performance Objectives**

1. List required components of an assessment.(AA3)
2. List required components of a Notice of Intent to Deny (NOID).(AA3)
3. Determine which information to include in the biographical/entry information summary.(AA3)
4. Determine which information to include in the basis of claim (AA1)(AA3)
5. Determine which information to include in the summary of the facts. (AA1)(AA3)
6. Identify information and statements that are not relevant or appropriate to include in an assessment or NOID. (AA3)
7. Within specific time constraints, write an assessment or NOID in following Plain Language principles. (AA3)
8. List the circumstances under which a NOID must be prepared.(AA3)
9. Explain when to consult with your supervisor, and when to refer a case to your supervisor for review and signature.(OK5)
10. Identify who may have access to affirmative asylum assessments and NOIDS. (AA3)

| | |
|---|---|
| **Instructional Methods** | Lecture, Practice Exercise |
| **Student Materials/ References** | Lesson Plan |
| **Method of Evaluation** | Written test, Practical exercise exam |
| **Background Reading** | 8 C.F.R. § 208.6 |

USCIS00003236

## NEW CRITICAL TASKS

Knowledge of policies and procedures for preparing asylum decision documents. (5)

Knowledge of chain of command. (2)

Skill in determining materiality of facts, information, and issues. (6)

Knowledge of policies and techniques for Plain Language writing. (3)

Knowledge of strategies, techniques, and tools for time management. (3)

Knowledge of policies and procedures for preparing decision and related documents (*e.g.*, NTA, transportation letters, decision letter). (3 RAIO) (4 ASM)

Skill in working independently. (4)

Skill in interacting with others in a professional manner (*e.g.*, respectful, courteous). (4)

Knowledge of strategies and techniques for note taking. (4)

Skill in interacting with others in a professional manner (*e.g.*, respectful, courteous). (4)

Knowledge of strategies, techniques, and tools for time management. (3)

Skill in using Microsoft Office (*e.g.*, Word, Excel, Outlook, PowerPoint). (3)

Skill in taking notes to capture information. (4)

USCIS00003237

# TABLE OF CONTENTS

**I. INTRODUCTION** ...................................................................................................................... **5**

**II. OVERVIEW** .............................................................................................................................. **5**
    A.   Background ......................................................................................................................... 5
    B.   Assessments and NOIDs: Legal Documents to which a Number of Persons Have Access .... 5
    C.   Supervisor's Role .............................................................................................................. 7

**III. THE DIFFERENCE BETWEEN AN ASSESSMENT AND A NOID** ....................................... **7**
    A.   Assessment........................................................................................................................ 7
    B.   NOID................................................................................................................................. 8

**IV. COMPONENTS OF AN ASSESSMENT AND A NOID** ........................................................... **9**
    A.   Biographic/Entry or Arrival/Immigration Status Information ................................................ 9
    B.   Basis of Claim ................................................................................................................. 10
    C.   Analysis of Prohibitions Against Filing for Asylum............................................................ 11
    D.   Summary of Testimony.................................................................................................... 12
    E.   Analysis of Credibility /Evidence Assessment ................................................................... 13
    F.   Focused Legal Analysis .................................................................................................... 13
    G.   Analysis of Bars/Discretionary Factors............................................................................ 13
    H.   Decision .......................................................................................................................... 13

**V. WRITING STYLE** ................................................................................................................... **14**
    A.   Informational Tone ........................................................................................................... 14
    B.   Language that Is Easy to Understand ................................................................................. 14
    C.   Language Structure, Grammar, and Spelling...................................................................... 14

**VI. SUMMARY** ............................................................................................................................ **15**

**US CITIZENSHIP AND IMMIGRATION SERVICES – RAIO**      ASYLUM DIVISION OFFICER TRAINING COURSE
**DRAFT 12/14/2017**                          DECISION WRITING PART I: OVERVIEW
                                                                     4

USCIS00003238

**Presentation**                                                                       **References**

## I.     INTRODUCTION

The purpose of this lesson is to instruct officers how to write
assessments and Notices of Intent to Deny (NOIDs), focusing on
three of the necessary components of these documents: the
biographical/entry information, the basis of the claim, and the
summary of testimony.  This lesson will also cover the differences
between assessments and Notices of Intent to Deny, and discuss
appropriate language to use in both documents.

## II.     OVERVIEW

### A.  Background

Assessments and Notices of Intent to Deny are legal
documents that explain the basis for asylum officers' decisions.

Prior to "Reform" asylum officers were required to write            See Asylum Division lesson
lengthy decisions, citing all relevant case law and country         *History of the Affirmative*
conditions information.  The writing of assessments and             *Asylum Program* concerning
NOIDs, however, has evolved into the streamlined version that       "Reform"
asylum officers now use.  One of the purposes of using a more
streamlined written assessment is to reduce the length of
writing time, which in turn allows more time for interview and
case analysis.

Standardized "template" documents for assessments and               Refer to *Affirmative Asylum*
NOIDs are installed on the Asylum Division computer                 *Procedures Manual* for
network so that asylum officers can quickly and easily access       copies of templates.
and use these documents.  Asylum officers should check with
their local office management for guidance on how to access
these templates.  The use of standardized templates promotes
consistency of work product across the Asylum program.

### B.  Assessments and NOIDs: Legal Documents to which a
Number of Persons Have Access

Information pertaining to an applicant's application for
asylum—including the assessment or NOID—is generally
protected from disclosure pursuant to the asylum
confidentiality regulations found at 8 CFR § 208.6.  Some of
the individuals who have access to assessments and NOIDs

USCIS00003239

include the following:

1.  The applicant and his or her attorney or legal representative are sent copies of the NOID.  Under some circumstances the assessment may be released to the applicant or his or her attorney/legal representative if a Freedom of Information Act (FOIA) request is submitted to obtain a copy of an assessment (and other information in the file).

2.  Certain Asylum Office staff review assessments and NOIDs.

    Supervisory asylum officers routinely review all assessments and NOIDs.  Certain other Asylum Office staff, such as the Training Officer(s), Deputy Director, and Director, may also review assessments and NOIDs. In addition, other asylum officers may review files of cases in which the interviewing officer could not complete the case or, in certain instances, if there is a need to reinterview the applicant.

3.  The Headquarters Asylum Division Training and Quality Assurance Branch staff reviews assessments and NOIDs from certain categories of cases where HQ review is required or requested.

    See *Affirmative Asylum Procedures Manual*

4.  ICE Assistant Chief Counsels read certain assessments and NOIDs.  (In some cases, the Assistant Chief Counsel may enter an assessment or NOID into the record, which means that the immigration judge and others would also review these documents.)

    Note that asylum officers may be required to testify in immigration court as to the content of interviews and/or their reasoning for reaching particular decisions.

5.  The Board of Immigration Appeals (BIA) and federal courts review certain assessments and NOIDs.

6.  The Bureau of Democracy, Human Rights, and Labor (DRL) of the Department of State gives advisory opinions on certain claims.

7.  Certain government officials (*e.g.*, FBI or other law enforcement agencies) or contractors as indicated in 8 C.F.R. §208.6(c) may have access to particular files.

    8 C.F.R. § 208.6(c)

8.  Members of Congress who receive inquiries from applicants may have access to the assessments and NOIDs in the applicants' files.  The Congressional liaisons who are responsible for responding to Congressional requests

    Note that the provisions of *The Privacy Act of 1974 (5 U.S.C. § 552a)* would require that Members of Congress or their staff obtain

also may read certain assessments and NOIDs.

written authorization before they can acquire information about an individual's case.

## C. Supervisor's Role

Every asylum officer is assigned to a supervisory asylum officer.  The supervisory asylum officer is available throughout the decision-making process for consultation, guidance, and discussion about the merits of the applicant's claim.  The supervisor can often direct the asylum officer to legal and country conditions resources that may be helpful in making the decision.

See *Affirmative Asylum Procedures Manual*

When the asylum officer completes a case, he or she submits it to the supervisor for review and signature.  At the time of submission, the file should be in record order and all required documents should be complete and accurate.  If no errors are found, the supervisor signs the necessary documents and forwards the file to the support staff for the next step in processing.  If any errors are found during the supervisor's review, the case is returned to the asylum officer for revision. If the supervisor disagrees with the asylum officer's analysis, the supervisor discusses the issues with the asylum officer.

## III.  THE DIFFERENCE BETWEEN AN ASSESSMENT AND A NOID

The basic components of the assessment and NOID are generally the same.  There are a few differences, however, between the two documents.

## A. Assessment

The assessment is:

1.    A written document stating the reasons for granting a case, or for referring a case to the Immigration Judge if the applicant is not in lawful status.

See *ABC/NACARA Procedures Manual* for guidance

2.    If the applicant is a class member of the *ABC* Settlement Agreement (or is a member of the *Mendez* Settlement Agreement, if in the Los Angeles District), only written if the case is granted.

3.    An internal USCIS document that remains in the file. (See section II.B above for some exceptions as to when the

document may be seen by individuals outside of USCIS.)

4.    A document containing limited biographic information, a summary of the material facts of the claim, a credibility/evidence assessment, a legal analysis addressing eligibility issues, and a decision (granting asylum or referring the case to the Immigration Judge).  Citations to country conditions are included only when determinative to the decision; citations to statutes and case law are used only in certain circumstances.  An assessment does not contain information about the asylum process.

5.    Not rebuttable by the applicant if the assessment is to refer the case to the Immigration Judge.

6.    Written in the third person (referencing "the applicant").

## B.  NOID

The NOID is:

1.    A preliminary denial of a case.

2.    Written for cases in which the applicant is in lawful immigrant status or is a class member of the *ABC* Settlement Agreement (in the Los Angeles District, class members of the *Mendez* Settlement Agreement also receive a NOID if not granted asylum).

3.    A document that is sent to the applicant and the applicant's representative, if any.

4.    A document containing limited biographic information, a summary of the material facts of the claim, a credibility/evidence assessment, a legal analysis addressing eligibility issues, and a decision stating that it is the intent of USCIS to deny asylum (and in some cases, withholding of removal).  It also contains limited information about the asylum process, including information about comments from the DRL (if relevant and able to be disclosed), the applicant's next step in the process, and time deadlines.

5.    A document that includes citations to statute and, in some cases, citations to case law.  Citations to country conditions are included only when determinative to the decision.

6.    The applicant has the right to rebut the grounds for denial before a final decision is rendered by the asylum officer. The

NOID must specifically address all reasons the applicant would not establish eligibility for asylum.

7.    Written in the second person (referencing "you").


## IV.  COMPONENTS OF AN ASSESSMENT AND A NOID

The contents of assessments and NOIDs can be divided into the following basic components:

    **i.**    **Biographic/Entry or Arrival/Immigration Status Information**

    **ii.**    **Basis of Claim**

    **iii.**    **Analysis of Prohibitions Against Filing for Asylum**

    **iv.**    **Summary of Testimony**

    **v.**    **Analysis of Credibility/Evidence Assessment**

    **vi.**    **Focused Legal Analysis**

    **vii.**    **Analysis of Bars/Discretionary Factors**

    **viii.**    **Decision**

The above-listed components are expanded upon below.

### A.  Biographic/Entry or Arrival/Immigration Status Information

1.    Includes:

    a.    Age of applicant

    b.    Applicant's gender

    c.    Country of which applicant is a native and country or countries of applicant's citizenship (or, whether applicant is stateless)

    d.    Date and place of entry into the United States

    e.    Manner of entry

    f.    Limited information concerning applicant's immigration status

USCIS00003243

2. Does <u>not</u> include extraneous information such as:

   a. The applicant's journey to the U.S. (*e.g.*, the route, the length of time, the cost, whether smugglers were involved);

   b. How many family members remain in applicant's country; or

   c. Information addressed in other components of assessment.

3. Examples:

   a. Applicant is a 19-year old male, native and citizen of the People's Republic of China who entered the U.S. on March 24, 2012. without inspection somewhere along the border between Mexico and California The applicant is not in lawful status.

   b. Applicant is a 35-year old female, native and citizen of Ethiopia who was admitted to the U.S. at New York, NY on March 24, 2012 as a F1 student for duration of status. The applicant is in lawful status.

**B. Basis of Claim**

1. Brief statement of:

   a. What the applicant fears

   b. Whom the applicant fears

   c. Country where the harm is feared

   d. The protected ground(s), if any, the fear is connected to (on account of)

2. The Basis of Claim component always states the harm that the applicant fears in the future. It does not include the legal analysis of eligibility issues, credibility analysis or address past harm the applicant has experienced.

   Because applicants are not necessarily familiar with U.S. immigration laws and regulations to establish eligibility for asylum, the asylum officer must consider the testimony and other evidence in order to accurately frame

USCIS00003244

the basis of claim in this component of the written decision.   This is often the case when the applicant's claim in based on his/her membership in a particular social group, but may occur in other instances as well.

3.   Examples:

    a.   An applicant from China claims the police authorities detained and beat him because he and his friends were practicing Falun Gong exercises. The applicant states that Falun Gong is not a religion.  Falun Gong is considered an "evil cult" by the Chinese authorities and the International Religion Freedom report includes Falun Gong as a religion. Depending on what information is elicited during the interview, the Basis of Claim component could read as follows:

        Applicant fears he will be harmed by the government of China on account of his religion *or*

        Applicant fears he will be harmed by the government of China on account of his imputed political opinion.

    b.   An applicant from Uzbekistan states that the authorities will harm him because of his Russian ethnic background.  During the interview, the officer elicits information that indicates that the authorities would be motivated to harm the applicant because his activities are viewed as a political opinion rather than because of his ethnic background.  The Basis of Claim component might read as follows:

        The applicant fears he will be harmed by the authorities in Uzbekistan on account of his nationality and his imputed political opinion.

## C.  Analysis of Prohibitions Against Filing for Asylum

This component addresses whether the applicant is eligible to *file* for asylum.  For applicants who filed on or after April 1, 1997, an assessment or NOID must address whether the applicant was eligible to apply for asylum.

*This component is discussed in the Asylum Division lesson, Decision Writing Part II: Legal Analysis*

DRAFT 12/14/2017

ASYLUM DIVISION OFFICER TRAINING COURSE
DECISION WRITING PART I: OVERVIEW
11

USCIS00003245

### D.  Summary of Testimony

The summary of testimony is a summary of the material facts of the applicant's claim.  These are material facts that were elicited from the applicant during the asylum interview.

Material facts are those facts that have a direct and substantive bearing on the claim, and which, when analyzed by applying the law, determine the outcome of the claim.

Generally speaking, material facts are related to the event(s) that caused the applicant to leave his or her country and/or the event(s) that form the basis of the applicant's fear of return.

All material facts necessary to construct the legal analysis should be described in the testimony component of the assessment and NOID.  Material facts not stated in the summary of testimony should not be introduced in the content of the legal analysis.

### Example:

Applicant testified that he became interested in Christianity through Christian friends in 2010.  In early 2011 he began attending weekly religious services that were held at a neighbor's house. In December 2011 he offered to host the Christmas service at his house because his neighbor was ill. During the service the police came to his home, and took the applicant to the local station.  The police also confiscated the religious materials that were at his home.  The applicant was detained for three days, during which time he was advised his religious activities were not permitted and was questioned as to the content and how he obtained the confiscated materials.  The authorities also wanted to him to provide information on his contact with foreign missionaries.  When he denied knowing any foreigners, he was struck repeatedly with a baton. The applicant was warned not to participate in any further unauthorized house church activities and required to report to the station on a weekly basis for 3 months.  He fears that he will be arrested and further harmed by the authorities if he returns to China.

USCIS00003246

## E. Analysis of Credibility/Evidence Assessment

The asylum officer must make a determination as to the applicant's credibility in every assessment of asylum eligibility. The credibility determination is made after the summary of facts. If a negative credibility determination is made, the asylum officer must explain in the assessment or NOID the reasons for finding the applicant not credible.

A negative credibility determination always requires an assessment of other available evidence before it can be determined that the applicant did not meet his/her burden of proof.

*See Asylum Division lesson, Decision Writing Part II: Legal Analysis for discussion of the credibility and evidence assessment.*

## F. Focused Legal Analysis

The asylum officer's legal rationale for the decision must be included in every assessment and NOID. Note that while the "Focused Legal Analysis" component addresses eligibility issues such as past persecution, well-founded fear of future persecution; several other "components" of a written assessment or NOID may contain legal analysis.

*Legal analysis is discussed in depth in Asylum Division lesson, Decision Writing Part II: Legal Analysis.*

## G. Analysis of Bars/Discretionary Factors

The "Analysis of Bars/Discretionary Factors" component addresses whether an applicant who has established *refugee eligibility* is eligible for a *grant of asylum*. Although this component must be present in all assessments to grant, certain types of decisions do not require that this component be included.

*Analysis of Bars/Discretionary Factors is discussed in depth in Asylum Division lesson, Decision Writing Part II: Legal Analysis*

## H. Decision

This is the outcome of the asylum officer's legal analysis of the applicant's request for asylum. In an assessment, the Decision states whether the case is granted or referred. In a NOID, the Decision indicates that USCIS finds that the applicant is not eligible for asylum (and in some cases, withholding of removal) and intends to deny the request. There must be a Decision in every assessment or NOID.

USCIS00003247

## V.  WRITING STYLE

Assessments and NOIDs should be informational in tone and written in language that the reader can easily understand.

### A.  Informational Tone

1. The assessment is written in the third person, referencing "the applicant"; the NOID is written in the second person, referencing "you."

2. There should not be any reference to the first person pronoun "I" in either of these documents.  The asylum officer is representing USCIS when writing these documents and so the term "USCIS" is used rather than "the asylum officer" or "I." For example, "United States Citizenship and Immigration Services (USCIS) finds that..." is used instead of "The asylum officer finds that..." or "I find that..."

3. The asylum officer should not include his or her personal opinions, or value judgments, either positive or negative, when writing these documents.  Both assessments and NOIDs should be strictly informational in tone.

### B.  Language that Is Easy to Understand

Assessments and NOIDs should be written in language that the reader can easily understand, avoiding excessive legal terminology and superfluous language. Whenever possible, use the active voice, short paragraphs and sentences, and simple words and pronouns.  While these are sound principles of writing generally, these principles were incorporated into U.S. law through the Plain Writing Act of 2010.

*See RAIO Module: Decision Making for more detailed discussion.*

### C.  Language Structure, Grammar, and Spelling

Although officers are under time constraints and need to write multiple assessments every week, the asylum officer should quickly review his or her assessments and NOIDs for grammar and spelling before giving them to a supervisor for review.

Computer word processing software is equipped with a "spell check" function that should always be used on final versions of these documents.   Officers should verify that the autocorrect feature has not inadvertently altered the meaning of any words or phrases. "Grammar check" can also be helpful.

USCIS00003248

## VI. SUMMARY

**A.**   Assessments and Notices of Intent to Deny (NOIDs) are legal documents that explain the bases for asylum officers' decisions in asylum cases.

**B.**   A number of persons may have access to assessments and NOIDs including, but not limited to:

1.   The applicant and his or her attorney or legal representative;

2.   Asylum Office staff;

3.   Headquarters staff;

4.   ICE Assistant Chief Counsels;

5.   The BIA and federal courts;

6.   Staff from the Bureau of Democracy, Human Rights, and Labor (DRL) of the Department of State; and

7.   Certain government officials as indicated in 8 C.F.R. § 208.6(c).                     8 C.F.R. § 208.6(c)

**C.**   There are several differences between assessments and NOIDs

1.   An <u>assessment</u> is an internal USCIS document written for all grants and for referrals of cases in which the asylum applicant is not in status.  If the asylum applicant is an *ABC* class member (or a class member of the *Mendez* Settlement Agreement), an assessment is only written if the case is granted.  Written in the third person, referencing "the applicant," it explains the reasons for granting a case or referring a case to an immigration judge.  It includes limited legal and country conditions information and does not include information about the asylum process.  If the case is referred, the applicant is not given an opportunity to rebut the reasons the applicant was not found eligible.

2.   A <u>Notice of Intent to Deny (NOID)</u> is a preliminary denial letter written for cases in which the applicant is in status or is an *ABC* class member (or a class member of the *Mendez* Settlement Agreement).  It is written in the second person, referencing "you," and is sent to the

USCIS00003249

applicant and representative, if any.  In addition to legal and country conditions information, it contains limited information about the asylum process, and gives the applicant an opportunity to rebut all the grounds for denial before a final decision is rendered.

**D.**    Although there are several differences between assessments and NOIDs, they contain the same basic components, which are:

      i.    Biographic/Entry or Arrival/Immigration Status Information

      ii.    Basis of Claim

      iii.    Analysis of Prohibitions Against Filing for Asylum

      iv.    Summary of Testimony

      v.    Analysis of Credibility /Evidence Assessment

      vi.    Focused Legal analysis

      vii.    Analysis of Bars/Discretionary Factors

      viii.    Decision

**E.**    Assessments and NOIDs should be informational in tone and should be written in language that is easily understood, without any reference to the first person pronoun "I" or "the asylum officer."  They should not include any personal opinions of the asylum officer.

USCIS00003250

[Applicant's Name]
[Applicant's Address]
[Applicant's Address]
[Applicant's Address]

Date: [Date]

Re:     [LAST NAME, First name, A#]
        [Dependent LAST NAME, First name, A#]

<div align="center">NOTICE OF INTENT TO DENY</div>

> **Decision-making/Decision-writing Training Shell General Instructions:**
>
> - **All bold language and italicized component headers are for instructional purposes only and are to be deleted.**
> - **Language in brackets reflects facts and analysis you must insert as appropriate.**
> - **When citing to country conditions sources please do so in the body of the NOID and <u>NOT</u> in a footnote.**
> - **A NOID must address all reasons an applicant would not be found eligible.**
> - **Official letterhead should be used for all NOIDs.**

Dear [Ms./Mrs./Mr. LAST NAME]:

The purpose of this letter is to notify you of the intent to deny your request for asylum. U.S. Citizenship and Immigration Services (USCIS) has carefully considered your written application and accompanying documents, available country conditions materials, and your testimony to reach this determination for the reasons given below.

I.    *BIOGRAPHIC/ENTRY OR ARRIVAL/IMMIGRATION STATUS INFORMATION*

    A.    <u>Applicants Admitted to the U.S.</u>

In presenting your request for asylum, you indicated that you are a [age]-year-old [male/female] native of [country] and citizen of [countr(ies)] **OR** [stateless individual who last resided in [country]], who was admitted to the United States at [POE] on [date] as a [status] until [date]. **If status was changed/extended, indicate new date and provide new status and validity. Indicate if applicant received TPS and validity period.** You are currently in lawful status.

***Continue to Section II. Basis of Claim***

    B.    <u>Applicants Who Entered Without Inspection</u>

USCIS00003265

In presenting your request for asylum, you indicated that you are a [age]-year-old [male/female] native of [country] and citizen of [countr(ies)] **OR** [stateless individual who last resided in [country]], who entered the United States without inspection at [location] on [date]. **Indicate date lawful status was acquired and dates of validity along with any changes/extensions of status. Indicate if applicant received TPS and validity period**. You are currently in lawful status.

***Continue to Section II. Basis of Claim***

II.    *BASIS OF CLAIM*

You fear that you will be [harm feared] by [feared persecutor] in [country of feared persecution] on account of [protected ground(s) or other reason(s)].

***Continue to Section III. Analysis of Prohibitions Against Filing for Asylum***

III.    *ANALYSIS OF PROHIBITIONS AGAINST FILING FOR ASYLUM*

   A.   **One-Year Filing Deadline**

      1.   **Eligible to Apply - Adult applicants who filed for asylum within the one-year filing deadline:**

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You established by clear and convincing evidence that [the application was filed within one year after your date of last arrival in the United States **OR** you were outside of the United States during the year immediately before the date of filing]. **Present facts and analyze to support your finding, *for example*:** [Documentary Evidence/DHS records and/or credible testimony demonstrate(s) you last arrived on [date] **OR** were outside of the United States during the 12 months immediately before the date of filing]. **If relying on credible testimony, summarize facts relevant to DOE or location outside the U.S. and state that** [your testimony was detailed, consistent and plausible and therefore, considering the totality of the circumstances and all relevant factors, your testimony concerning [insert DOE/location outside of the U.S.] is found credible]. Therefore, you filed a timely application.

***Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony***

USCIS00003266

**2. Eligible to Apply - Adult applicants who filed untimely but established a changed or extraordinary circumstance and filed within a reasonable period of time:**

      **a. Adult applicants who establish date of arrival and did <u>NOT</u> timely file, and who establish one or more changed or extraordinary circumstances and filed within a reasonable period of time.**

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You last arrived in the United States on [insert date]. **Present facts and analyze to support your finding, *for example*:** [Documentary evidence/DHS records and/or credible testimony demonstrate(s) that you last arrived on [date]]. **If relying on credible testimony, summarize facts relevant to DOE and state that [**your testimony was detailed, consistent, and plausible and therefore, considering the totality of the circumstances and all relevant factors, your testimony concerning [insert DOE] is found credible]. You failed to establish by clear and convincing evidence that the application was filed within one year after the date of last arrival in the United States.

However, you established to the satisfaction of the adjudicator that there are [changed circumstances materially affecting your eligibility for asylum **OR** extraordinary circumstances directly related to the delay in filing]. **Describe the changed or extraordinary circumstance(s) and explain why they qualify as such.** You also established that the application was filed within a reasonable period of time given the circumstance. **Address facts and explain why the delay is reasonable, including length of delay.** Therefore, you have established a [insert: changed or extraordinary] circumstance exception to the one-year filing deadline.

***Continue to* <u>Section III.B.</u>  *only if there is a prior denial by IJ or BIA. Otherwise continue to* <u>Section IV. Summary of Testimony</u>**

      **b. Adult applicants who could NOT establish their date of arrival and could NOT establish that they were outside the U.S. during the year immediately before the date of filing but who establish one or more changed or extraordinary circumstances and filed within a reasonable period of time.**

USCIS00003267

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You failed to establish by clear and convincing evidence that the application was filed within one year after your date of last arrival in the United States because you were unable to establish your date of last arrival and were unable to establish that you were outside of the United States during the year immediately before the date of filing. **Present facts and analyze to support your finding. If applicant's testimony is not credible as to DOE and/or location outside the U.S., explain how applicant's testimony lacked detail, was inconsistent and/or was not plausible. See the multi-step framework provided in <u>Section V.B.</u> (Testimony Found Not Credible) below for guidance on the structure of the adverse credibility legal analysis.**

However, you established to the satisfaction of the adjudicator that there are [changed circumstances materially affecting your eligibility for asylum **AND/OR** extraordinary circumstances directly related to your failure to file within one year after your date of last arrival]. **Describe the changed or extraordinary circumstance(s) and explain why they qualify as such. For extraordinary circumstances, address how the applicant established that the circumstance existed during the first year after arrival since the date of arrival is not established or is unknown (for example, the condition existed prior to arrival and continued after arrival, e.g., PTSD resulting from the events that occurred prior to applicant's arrival in the U.S.).** You also established that the application was filed within a reasonable period of time given the circumstance. **Address facts and explain why the delay is reasonable, including length of delay.** Therefore, you have established a [changed or extraordinary] circumstance exception to the one-year filing deadline.

***Continue to <u>Section III.B.</u> only if there is a prior denial by IJ or BIA. Otherwise continue to <u>Section IV. Summary of Testimony</u>***

    **3.   <u>Eligible to Apply - Minor Principal Applicants (not UACs):</u>**

        **a.   Minor principal applicants who were not unaccompanied alien children (UACs) at the time of filing and timely filed.**

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

USCIS00003268

The one-year filing deadline does not apply to Unaccompanied Alien Children (UAC). 8 U.S.C. § 1158(a)(2)(E). A UAC is a child who, as of the date of filing an asylum application, has no lawful immigration status in the United States; has not attained 18 years of age; and has no parent or legal guardian in the United States, or for whom no parent or legal guardian in the United States is available to provide care and physical custody. 6 U.S.C. § 279(g)(2). At the time of filing your asylum application you were not a UAC. **Consult Asylum Division guidance on UAC determinations.** Therefore the one-year filing deadline applies.

You established by clear and convincing evidence that [the application was filed within one year after your date of last arrival in the United States **OR** you were outside of the United States during the year immediately before the date of filing]. **Present facts and analyze to support your finding, *for example*:** [Documentary Evidence/DHS records and/or credible testimony demonstrate(s) that you last arrived on [date] **OR** were outside of the United States during the 12 months immediately before the date of filing]. **If relying on credible testimony, summarize facts relevant to DOE or location outside the U.S. and state that** [your testimony was detailed, consistent and plausible and therefore, considering the totality of the circumstances and all relevant factors, your testimony concerning [insert DOE/location outside of the U.S.] is found credible].

Therefore, you filed a timely application.

***Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony***

        **b.   Minor principal applicants who were not unaccompanied alien children (UACs) at the time of filing and did NOT timely file.**

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

The one-year filing deadline does not apply to Unaccompanied Alien Children (UAC). 8 U.S.C. § 1158(a)(2)(E). A UAC is a child who, as of the date of filing an asylum application, has no lawful immigration status in the United States; has not attained 18 years of age; and has no parent or legal guardian in the United States, or for whom no parent or legal guardian in the United States is available to provide care and physical custody. 6 U.S.C. § 279(g)(2). At the time of filing your asylum application you were not a UAC. **Consult Asylum Division guidance on UAC determinations.** Therefore the one-year filing deadline applies.

You failed to establish by clear and convincing evidence that the application was filed within one year after the date of last arrival in the United States. **Present facts and analyze to support**

USCIS00003269

**your finding,** *for example:* [Documentary Evidence/DHS records and/or credible testimony demonstrate(s) that you last arrived on [date]]. **If relying on credible testimony, summarize facts relevant to DOE and state that** [your testimony was detailed, consistent, and plausible and therefore, considering the totality of the circumstances and all relevant factors, your testimony concerning [insert DOE] is found credible]. However, because you were a minor, you have established to the satisfaction of the adjudicator the existence of an extraordinary circumstance directly related to your failure to file within one year after your date of last arrival since you had a legal disability. Considering your minor status at the time of filing, you established that the delay in filing the application was reasonable. Therefore, you have established an extraordinary circumstance exception to the one-year filing deadline.

*Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony*

### 4. Eligible to Apply - Unaccompanied Alien Children (UACs):

#### a. The applicant is in removal proceedings. The application was filed by a UAC.

USCIS has initial jurisdiction over any asylum application filed by an unaccompanied alien child (UAC). 8 U.S.C. § 1158(b)(3)(C). A UAC is a child who, as of the date of filing an asylum application, has no lawful immigration status in the United States; has not attained 18 years of age; and has no parent or legal guardian in the United States, or for whom no parent or legal guardian in the United States is available to provide care and physical custody. 6 U.S.C. § 279(g)(2). The one-year filing deadline does not apply to UACs. 8 U.S.C. § 1158(a)(2)(E).

You first filed an asylum application on [insert date]. At the time of filing your asylum application you were a UAC. **Consult Asylum Division guidance on UAC determinations.** Therefore the one-year filing deadline does not apply.

*Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony*

#### b. The applicant is NOT in removal proceedings. The application was filed by a UAC.

USCIS has initial jurisdiction over any asylum application filed by an unaccompanied alien child (UAC). 8 U.S.C. § 1158(b)(3)(C). A UAC is a child who, as of the date of filing an asylum application, has no lawful immigration status in the United States; has not attained 18 years of age; and has no parent or legal guardian in the United States, or for whom no parent or legal guardian in the United States is available to provide care and physical custody. 6 U.S.C. § 279(g)(2). The one-year filing deadline does not apply to UACs. 8 U.S.C. § 1158(a)(2)(E).

USCIS00003270

You first filed an asylum application on [insert date]. At the time of filing your asylum application you were a UAC. **Consult Asylum Division guidance on UAC determinations.** Therefore the one-year filing deadline does not apply.

***Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony***

### 5.  Eligible to Apply - Applicants who filed with USCIS before April 16, 1998:

Applicants who file for asylum with USCIS on or after April 16, 1998 must demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States or April 1, 1997, whichever is later, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5).

You filed your asylum application on [insert date prior to 4/16/98]. Because you filed the application with USCIS on or before April 15, 1998, you filed a timely application.

***Continue to Section III.B. only if there is a prior denial by IJ or BIA. Otherwise continue to Section IV. Summary of Testimony***

### 6.  NOT Eligible to Apply - Adult applicants who failed to establish timely filing and established a changed/extraordinary circumstance, but did NOT file within a reasonable period of time:

#### a.  Adult applicants who establish date of arrival and did NOT timely file, and who establish one or more changed or extraordinary circumstances, but did NOT file within a reasonable period of time.

To be eligible to apply for asylum, applicants must demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You last arrived in the United States on [insert date]. **Present facts and analyze to support your finding, for example:** [Documentary evidence/DHS records and/or credible testimony demonstrate(s) that you last arrived on [date]]. **If relying on credible testimony, summarize facts relevant to DOE and state that** [your testimony was detailed, consistent, and plausible and therefore, considering the totality of the circumstances and all relevant factors, your

USCIS00003271

testimony concerning [insert DOE] is found credible]. You failed to establish by clear and convincing evidence that the application was filed within one year after the date of last arrival in the United States.

You established to the satisfaction of the adjudicator that there are [changed circumstances materially affecting your eligibility for asylum **AND/OR** extraordinary circumstances directly related to the delay in filing]. **Describe all of the changed and/or extraordinary circumstance(s) and explain why they qualify as such. All possible circumstances indicated by the facts must be addressed.**

However, you failed to establish that the application was filed within a reasonable period of time given the circumstance(s). **Address facts, including the length of the delay, and explain why the delay is not reasonable.**

**Note: If the applicant established an extraordinary circumstance for which the delay was found not reasonable, but no changed circumstance was established:** You failed to establish that there are changed circumstances materially affecting your eligibility for asylum. **Consider COI relevant to the claim. Cite to at least two sources that cover the 24 months preceding the filing date up to the date of the decision. If COI is not relevant to the determination of changed circumstances because it would not materially affect the applicant's asylum eligibility include the statement,** ["Any change in country conditions would not materially affect your eligibility for asylum because [you have not established a protected characteristic, are subject to a mandatory bar, etc."] **and explain reasons for this finding**].

Therefore, you failed to establish an exception to the one-year filing deadline.

***If there is evidence of a possible bar or discretionary factor, continue to*** <u>***Section VII.D. Analysis of Bars/Discretionary Factors***</u>***; if not, continue to*** <u>***Section VIII.B. Decision – Refer – Not Found Eligible to Apply for Asylum (OYFD)***</u>***.***

> **b.** **Adult applicants who could NOT establish their date of arrival and could NOT establish that they were outside the U.S. during the year immediately before the date of filing, who establish one or more changed or extraordinary circumstances, but did NOT file within a reasonable period of time.**

To be eligible to apply for asylum, applicants must demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

USCIS00003272

You failed to establish by clear and convincing evidence that the application was filed within one year after your date of last arrival in the United States because you were unable to establish your date of last arrival and were unable to establish that you were outside of the United States during the year immediately before the date of filing. **Present facts and analyze to support your finding. If applicant's testimony is not credible as to DOE and/or location outside the U.S., explain how applicant's testimony lacked detail, was inconsistent and/or was not plausible. See the multi-step framework provided in <u>Section V.B. (Testimony Found Not Credible)</u> below for guidance on the structure of the adverse credibility legal analysis.**

You established to the satisfaction of the adjudicator that there are [changed circumstances materially affecting your eligibility for asylum <u>**AND/OR**</u> extraordinary circumstances directly related to your failure to file within one year after your date of last arrival]. **Describe all of the changed and/or extraordinary circumstance(s) and explain why they qualify as such. All possible circumstances indicated by the facts must be addressed. For extraordinary circumstances, address how the applicant established that the circumstance existed during the first year after arrival since the date of arrival is not established or is unknown (for example, the condition existed prior to arrival and continued after arrival, e.g., PTSD resulting from the events that occurred prior to applicant's arrival in the U.S.).**

However, you failed to establish that the application was filed within a reasonable period of time given the circumstance(s). **Address facts, including the length of the delay, and explain why the delay is not reasonable.**

**Note: If the applicant established an extraordinary circumstance for which the delay was found not reasonable, but no changed circumstance was established:** You failed to establish that there are changed circumstances materially affecting your eligibility for asylum. **Consider COI relevant to the claim. Cite to at least two sources that cover the 24 months preceding the filing date up to the date of the decision. If COI is not relevant to the determination of changed circumstances because it would not materially affect the applicant's asylum eligibility include the statement,** ["Any change in country conditions would not materially affect your eligibility for asylum because [you have not established a protected characteristic, are subject to a mandatory bar, etc."] **and explain reasons for this finding**].

Therefore, you failed to establish an exception to the one-year filing deadline.

*If there is evidence of a possible bar or discretionary factor, continue to <u>Section VII.D. Analysis of Bars/Discretionary Factors</u>; if not, continue to Section <u>VIII.B. Decision – Refer - Not Found Eligible to Apply for Asylum (OYFD)</u>.*

> 7. <u>**NOT Eligible to Apply - Adult applicants who failed to establish timely filing and did NOT establish either a changed or extraordinary circumstance.**</u>

> a. **Adult applicants who establish date of arrival and did NOT timely file, and did NOT establish either a changed or extraordinary circumstance:**

USCIS00003207

To be eligible to apply for asylum, applicants must demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You last arrived in the United States on [insert date]. **Present facts and analyze to support your finding, for example:** [Documentary evidence/DHS records and/or credible testimony demonstrate(s) that you last arrived on [date]]. **If relying on credible testimony, summarize facts relevant to DOE and state that** [your testimony was detailed, consistent, and plausible and therefore, considering the totality of the circumstances and all relevant factors, your testimony concerning [insert DOE] is found credible.] You failed to establish by clear and convincing evidence that the application was filed within one year after the date of last arrival in the United States.

You also failed to establish to the satisfaction of the adjudicator that there are either changed circumstances materially affecting your eligibility for asylum or extraordinary circumstances directly related to the delay in filing. **Address facts and describe why there are no changed or extraordinary circumstances. All possible circumstances indicated by the facts must be addressed. Where country conditions are relevant to the determination of changed circumstances, cite to at least two sources that cover the 24 months preceding the filing date up to the date of the decision. If country conditions information is not relevant to the determination of changed circumstances because it would not materially affect the applicant's asylum eligibility include the statement,** ["Any change in country conditions would not materially affect your eligibility for asylum because [you have not established a protected characteristic, are subject to a mandatory bar, etc."] **and explain reasons for this finding**].

You did not claim and the evidence does not indicate the existence of any other changed circumstances materially affecting your eligibility for asylum or extraordinary circumstances related to the delay in filing.

Therefore, you have not established an exception to the one-year filing deadline.

***If there is evidence of a possible bar or discretionary factor, continue to <u>Section VII.D. Analysis of Bars/Discretionary Factors</u>; if not, continue to <u>Section VIII.B. Decision – Refer - Not Found Eligible to Apply for Asylum (OYFD)</u>.***

> **b.  Adult applicants who could NOT establish their date of arrival and could NOT establish that they were outside the U.S. during the year immediately before the date of filing, and did NOT establish either a changed or extraordinary circumstance:**

To be eligible to apply for asylum, applicants must demonstrate by clear and convincing evidence that they filed the asylum application within one year after their date of last arrival in the United States, unless there are either changed circumstances which materially affect asylum

USCIS00003274

eligibility or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on [date].

You failed to establish by clear and convincing evidence that the application was filed within one year after your date of last arrival in the United States because you were unable to establish your date of last arrival and were also unable to establish that you were outside of the United States during the year immediately before the date of filing. **Present facts and analyze to support your finding. If applicant's testimony is not credible as to DOE and/or location outside the U.S., explain how applicant's testimony lacked detail, was inconsistent and/or was not plausible. See the multi-step framework provided in <u>Section V.B.</u> (Testimony Found Not Credible) below for guidance on the structure of the adverse credibility legal analysis.**

You also failed to establish to the satisfaction of the adjudicator that there are either changed circumstances materially affecting your eligibility for asylum or extraordinary circumstances directly related to the delay in filing. **Address facts and describe why there are no changed or extraordinary circumstances. All possible circumstances indicated by the facts must be addressed. Where country conditions are relevant to the determination of changed circumstances, cite to at least two sources that cover the 24 months preceding the filing date up to the date of the decision. If country conditions information is not relevant to the determination of changed circumstances because it would not materially affect the applicant's asylum eligibility include the statement,** ["Any change in country conditions would not materially affect your eligibility for asylum because [you have not established a protected characteristic, are subject to a mandatory bar, etc."] **and explain reasons for this finding**].

You did not claim and the evidence does not indicate the existence of any other changed circumstances materially affecting your eligibility for asylum or extraordinary circumstances related to the delay in filing.

Therefore, you have not established an exception to the one-year filing deadline.

*If there is evidence of a possible bar or discretionary factor, continue to <u>Section VII.D. Analysis of Bars/Discretionary Factors</u>; if not, continue to <u>Section VIII.B. Decision – Refer - Not Found Eligible to Apply for Asylum (OYFD)</u>.*

 

      **B.**   <u>**Prior Denial By IJ or BIA (EOIR)**</u> **- *ONLY address for applicants who were previously issued a denial of asylum by EOIR and where the Asylum Division has jurisdiction over the subsequent application; review AAPM guidance on "Prohibitions on Filing an Asylum Application" to determine jurisdiction.***

       *If this section is not applicable, continue to <u>Section IV. Summary of Testimony</u>.*

         **1.**   <u>**Eligible to Apply** - Applicants who filed for asylum prior to April 1, 1997:</u>

USCIS00003275

An applicant who has previously applied for asylum and had the application denied by an immigration judge or the Board of Immigration Appeals is not eligible to apply for asylum in the United States, unless there are changed circumstances materially affecting asylum eligibility. 8 U.S.C. § 1158(a)(2)(C), (D); 8 C.F.R. § 208.4(a)(3).

You filed the current application for asylum on [insert current filing date]. [Include a brief statement explaining that you were previously denied asylum by EOIR, and state basis for Asylum Division jurisdiction over the current application.] Because the current application was filed prior to April 1, 1997, the prior denial prohibition (PDP) to filing does not apply.

*Continue to Section IV. Summary of Testimony*

**2.    Eligible to Apply - Applicants who were previously issued a denial of asylum by EOIR and established a changed circumstance exception:**

An applicant who has previously applied for asylum and had the application denied by an immigration judge or the Board of Immigration Appeals is not eligible to apply for asylum in the United States, unless there are changed circumstances materially affecting asylum eligibility. 8 U.S.C. § 1158(a)(2)(C), (D); 8 C.F.R. § 208.4(a)(3).

- **A brief statement that the applicant was previously denied asylum by EOIR; AND**
- **The basis for Asylum Division jurisdiction over the current application; AND**
- **An explanation of the changed circumstances that were established after the previous denial; AND**
- **An explanation of how the changed circumstances materially affect the applicant's asylum eligibility.**

*Continue to Section IV. Summary of Testimony*

**3.    NOT Eligible to Apply - Applicants who were previously issued a denial of asylum by EOIR and did NOT establish a changed circumstance exception:**

An applicant who has previously applied for asylum and had the application denied by an immigration judge or the Board of Immigration Appeals is not eligible to apply for asylum in the United States, unless there are changed circumstances materially affecting asylum eligibility. 8 U.S.C. § 1158(a)(2)(C), (D); 8 C.F.R. § 208.4(a)(3).

- **A statement of any circumstances that were considered in the determination of whether the prior denial prohibition against filing for asylum applies.**

- **A statement and an explanation of the finding that there were no changed circumstances, OR, if the applicant established the existence of changed circumstances, why the circumstances were not found to materially affect his/her asylum eligibility.**

USCIS00003276

- **Where country conditions are relevant to the determination of changed circumstances, provide a minimum of two country conditions citations supporting a finding that the applicant failed to establish a change in country conditions or that any change in country conditions materially affects the applicant's asylum eligibility.**

- **If country conditions information is not relevant to the determination of changed circumstances because it would not materially affect the applicant's asylum eligibility, include the statement:**

    ["Any change in country conditions would not materially affect your eligibility for asylum because [you have not established a protected characteristic, are subject to a mandatory bar, etc.] **and explain reasons for this finding.**]"

*If there is evidence of a possible bar or discretionary factor, continue to Section VII.D. Analysis of Bars/Discretionary Factors; if not, continue to Section VIII.C.  Decision – Refer - Not Found Eligible to Apply for Asylum (Prior Denial).*


## IV.   SUMMARY OF TESTIMONY

**You must include all facts that will be relied upon in the focused legal analysis section.**

You testified as follows: [summary of material facts of applicant's testimony].

*Continue to Section V. Analysis of Credibility/Evidence Assessment*


## V.   ANALYSIS OF CREDIBILITY / EVIDENCE ASSESSMENT

### A.   Applicant's Testimony Found Credible

Your testimony was detailed, consistent, and plausible.  Considering the totality of the circumstances and all relevant factors your testimony is found credible.

*Continue to Section VI. Focused Legal Analysis*


### B.   Applicant's Testimony Found Not Credible

*Introduce an adverse credibility analysis with the following standardized template language:*

The burden of proof is on the applicant for asylum to establish that he or she is a refugee by establishing past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without

USCIS00003277

corroboration. 8 U.S.C. §§ 1158, 1101(a)(42); 8 C.F.R. § 208.13(a), (b). Your testimony was found not credible because [insert appropriate credibility factor(s) identified, e.g., it lacked detail and/or was inconsistent and/or was not plausible].

**Provide a factual analysis of negative credibility factors that are relied upon for the adverse credibility determination.**
- **Identify the type of credibility factor (for example, lack of detail, inconsistency, implausibility or other relevant factors).**
- **Provide evidence of the lack of detail, inconsistency, implausibility or other relevant factors.**
- **Provide the applicant's explanation or lack of explanation.**
- **Explain why the applicant's explanation or lack of explanation is not found reasonable.**
- **Explain the relevance of the factor.**

**Once all credibility factors that are relied upon for the adverse credibility determination have been analyzed, make a determination as to how much weight they should be given in assessing the overall credibility of the testimony and how the applicant's testimony is not credible in the totality of the circumstances.**

**Conclude with:**
Considering the totality of the circumstances and all relevant factors, your testimony is found not credible. Therefore, you failed to meet your burden of establishing that you are a refugee as required by 8 C.F.R. § 208.13(a).

***If there is evidence of a possible bar or discretionary factor, continue to Section VII.C. Analysis of Bars/Discretionary Factors; if not, continue to Section VIII.A. Decision – Refer – Not Found Eligible for a Grant of Asylum.***


### C.   Applicant's Testimony Found Credible Despite Some Credibility Concerns

**If the applicant's testimony on certain facts or issues raises credibility concerns, but testimony on other facts or issues is credible (e.g., past persecution has credibility concerns, but WFF is credible), provide a factual analysis of the credibility concerns.**
- **Identify and analyze the parts of the applicant's testimony that had credibility concerns:**
  Your testimony concerning [insert appropriate fact/issue and identify the credibility concern, e.g., lacked detail and/or was inconsistent and/or was implausible].
  - **Identify the type of credibility factor (for example, lack of detail, inconsistency, implausibility or other relevant factor).**
  - **Provide evidence of the lack of detail, inconsistency, implausibility or other relevant factor.**
  - **Provide the applicant's explanation or lack of explanation.**
  - **Explain why the applicant's explanation or lack of explanation is not found reasonable.**
  - **Explain the relevance of the factor to an eligibility issue.**
  Because of these credibility concerns, you failed to establish the facts identified above. Therefore, you failed to meet your burden of proof on these issues.

USCIS00003278

**Note: For the parts of the applicant's testimony that had credibility concerns, this can be briefly addressed in the later legal analysis by indicating that due to these credibility concerns the applicant failed to meet the applicant's burden of proof on the issue.**

- **Address how in the totality of the circumstances the applicant's testimony on other facts/issues is credible:**
  Although credibility concerns on [insert relevant fact(s)/issue(s)] were identified, the remainder of your testimony was detailed, consistent, and plausible and therefore, considering the totality of the circumstances and all relevant factors, is found credible.

*Continue to Section VI. Focused Legal Analysis*

      **D.**   **Applicant's Testimony Found Not Credible or Is Otherwise Insufficient to Meet the Burden of Proof but the Applicant Provided Other Credible Evidence to Meet His/Her Burden of Proof**

Your testimony concerning [insert appropriate issues and identify credibility or other concerns, e.g., lacked detail and/or was inconsistent and/or was implausible]. **See the multi-step framework provided in Section V.B. (Testimony Found Not Credible) above for guidance on the structure of an adverse credibility legal analysis.**

However, you provided other credible evidence to meet your burden of proof. **Describe the evidence and explain how it is credible, direct and specific evidence that might independently establish eligibility for asylum (past persecution or well-founded fear).**

*Continue to Section VI. Focused Legal Analysis*

## VI.   *FOCUSED LEGAL ANALYSIS*

In order to receive asylum, an asylum-seeker must establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158, 1101(a)(42); 8 C.F.R. § 208.13(b).

*Continue to Section VI.A. Past Persecution*

      **A.**   Past Persecution

          **1.**   **Past persecution NOT claimed:**

You did not claim and the evidence does not indicate that you experienced past persecution. **If the applicant claimed any type of harm, STOP – you must use analysis in Section VI.A.2. below (Past Persecution NOT Established).**

USCIS00003279

*Continue to Section VI.B.2. Well-Founded Fear Analysis – Claim Based on Well-Founded Fear*

### 2.   Past persecution NOT established:

The events you described do not amount to past persecution.

**Briefly describe the harm and analyze the facts to support the conclusion that past persecution was not established. Explain one of the following:**

- **Why the harm did not rise to the level of persecution.**

  **OR**

- **Why the harm was not on account of a protected ground:**
  **Include the following language:** [The events you described [and the harm you fear] are not found to have been on account of one of the five protected grounds.] **Explain why. If neither past persecution nor future persecution are on account of a protected ground, this can be explained in one paragraph and the analysis of well-founded fear can be skipped, since it is covered here.**

  > Note: If the applicant failed to establish past persecution relating to a particular social group, remember to formulate the PSG and address one of the following:
  > - How the PSG is not cognizable; OR
  > - How the applicant failed to establish membership in a PSG; OR
  > - How the applicant failed to establish that one central reason that the harm experienced was on account of the applicant's membership in a PSG.
  >
  > In order to find a PSG cognizable, all of the following must be established:
  > - Immutability
  > - Social distinction
  > - Particularity
  > When finding that a PSG is not cognizable, address how one of the above elements is not met.

  **OR**

- **In cases where the harm was carried out by a non-government entity, explain how the government was able and willing to control the non-government entity.**

*Continue to Section VI.B.2. Well-Founded Fear Analysis – Claim Based on Well-Founded Fear*

### 3.   Past persecution established:

The acts you described amount to past persecution on account of your [specify actual/imputed protected ground].

USCIS00003280

**In every past persecution analysis, you must:**
- **Identify the persecutor.**
- **Identify the harm and explain why the harm is serious enough to rise to the level of persecution.**
- **Identify the protected ground and analyze facts to show that at least one central reason that the persecutor harmed the applicant was on account of a protected ground.**
- **If the persecutor is a non-government entity:**
  - **Explain how the evidence shows that the government was unable or unwilling to control the persecutor. Include the applicant's testimony; consult and consider relevant country of origin information.**

Note: If the basis of claim is a particular social group (PSG), analyze the PSG according to current Asylum Division guidance and address the following:
- Formulate the PSG
- Identify the immutable characteristic
- Analyze how the group is socially distinct.
- Analyze the particularity of the group
- Include a finding of how the applicant is a member of the PSG

Therefore, you have established that you are a refugee. **If the applicant is subject to the persecutor bar, delete this sentence since, statutorily, the applicant does not meet refugee definition. Replace it with:** Therefore, you have established that you suffered past persecution on account of your [specify actual/imputed protected ground].

***Continue to** Section VI.B.1. Well-Founded Fear Analysis – Presumption of Well-Founded Fear*

    **B.**   **Well-Founded Fear (WFF) Analysis**

        **1.**   **Presumption of well-founded fear of persecution (ONLY use when past persecution is established):**

           **a.**   **Presumption of well-founded fear NOT rebutted: NO fundamental change in circumstances AND the applicant could NOT reasonably relocate to avoid future persecution.**

Having established you experienced past persecution on account of your [specify actual/imputed protected ground], it is presumed that you have a well-founded fear based on the same claim. A preponderance of the evidence fails to establish that there has been a fundamental change in circumstances such that you no longer have a well-founded fear of persecution if you were to return. Country conditions reports indicate that [summarize and briefly explain country conditions that are underlined relevant to the original claim] [Cite current sources]. **If past persecution was on account of religion, the NOID must show that the AO consulted the Department of State International Religious Freedom report.**

USCIS00003281

**Internal Relocation**

A preponderance of the evidence fails to establish that you could avoid future persecution by relocating within your country and that, under all the circumstances, it would be reasonable for you to do so.

- **If the persecutor is a non-government entity:**
  - **Use COI or other objective evidence to establish there is no place within the applicant's country where the applicant could avoid being persecuted by the persecutor.**
  - **If a place can be identified where persecution could be avoided, address factors that establish why it is not reasonable for the applicant to relocate there.**

Therefore, relocation is not reasonable. The presumption of a well-founded fear has not been rebutted.

**OR**

- **If the Government is the persecutor:**

  Since the government of [insert country] is the persecutor, it is presumed that relocation is not reasonable. The evidence does not rebut this presumption. **Note: This presumption may be overcome by a preponderance of the evidence that the applicant could avoid future persecution by relocating to another part of the applicant's country and that under all circumstances it would be reasonable to expect the applicant to do so. If the presumption is overcome, STOP and go to Section VI.B.1.b. (Presumption of well-founded fear rebutted: applicant could reasonably relocate).**

The presumption of a well-founded fear has not been rebutted.

*Continue to Section VII.A. Applicant Subject to a Mandatory Bar OR Section VII.B. Discretionary Factors Weigh Against a Grant of Asylum*

       **b.**  **Presumption of well-founded fear IS rebutted: Fundamental change in circumstances OR the applicant could reasonably relocate to avoid future persecution.**

Having established that you experienced past persecution on account of your [specify actual/imputed protected ground], it is presumed that you have a well-founded fear based on the same claim. However, a preponderance of the evidence establishes that there has been a fundamental change in circumstances such that you no longer have a well-founded fear of persecution if you were to return. Country conditions reports indicate that [provide summary of changed country conditions that are relevant to the original claim; **explain how these are fundamental changes**] [Cite current sources] **OR explain the change in the applicant's personal circumstances; explain how these are fundamental changes relevant to the original claim. If past persecution was on account of religion, the NOID must show that**

USCIS00003282

the AO consulted the **Department of State International Religious Freedom report.** The presumption of a well-founded fear has been rebutted.

## OR

Having established that you experienced past persecution on account of your [specify actual/imputed protected ground], it is presumed that you have a well-founded fear based on the same claim. A preponderance of the evidence establishes that you could avoid future persecution by relocating within your country and that, under all the circumstances, it would be reasonable for you to do so.

- **Use COI or other objective evidence that establishes there is a place within the applicant's country where the applicant could avoid being persecuted by the persecutor.**
- **Then, address factors that establish it is reasonable for the applicant to go there.**

The presumption of a well-founded fear has been rebutted.

*Continue to **Section VI.B.1.b.i. Exercise Discretion to Grant Based on Past Persecution in the Absence of Well-Founded Fear**.*

(i) **Exercise of discretion to grant based on past persecution in the absence of well-founded fear:**

If past persecution is established and the presumption of a well-founded fear has been rebutted, address whether a grant of asylum is warranted in the absence of a well-founded fear due to the severity of past persecution or the reasonable possibility of suffering other serious harm.

(a) **Discretion to grant will not be examined – A mandatory bar applies:**

Although it has been determined that your fear of future persecution is no longer well-founded, an applicant may be considered for a grant of asylum in the exercise of discretion if the applicant has demonstrated compelling reasons for being unwilling to return due to the severity of the persecution the applicant suffered or if the applicant has established that there is a reasonable possibility the applicant may suffer other serious harm. See 8 C.F.R. § 208.13(b)(1)(iii).

Discretion to grant in the absence of a well-founded fear can only be exercised if the applicant is not subject to a mandatory bar to a grant of asylum. Here, whether you would be eligible for consideration for a discretionary grant of asylum in the absence of a well-founded fear will not be examined because you are subject to a mandatory bar to a grant of asylum. **Continue to Section VII.A.** to complete the mandatory bar analysis.

*Continue to **Section VII.A. Applicant is Subject to a Mandatory Bar***

USCIS00003283

**OR**

**(b) Discretion to grant asylum in the absence of a well-founded fear was examined and is NOT warranted:**

Although it has been determined that your fear of future persecution is no longer well-founded, an applicant may be considered for a grant of asylum in the exercise of discretion if the applicant has demonstrated compelling reasons for being unwilling to return due to the severity of the persecution the applicant suffered or if the applicant has established that there is a reasonable possibility the applicant may suffer other serious harm. The persecution you suffered in the past was not so severe as to provide compelling reasons to grant asylum in the absence of a well-founded fear of persecution, nor have you established a reasonable possibility of suffering other serious harm. See 8 C.F.R. § 208.13(b)(1)(iii). **Specifically analyze:**

- **The severity of the past harm; AND**
- **Other serious harm including:**
  - **That any other feared harm is not serious enough to rise to the level of persecution; OR**
  - **If other feared harm is serious enough to rise to the level of persecution, explain that there is not a reasonable possibility the applicant would suffer this harm. In addressing other serious harm, the harm does not require a nexus to a protected ground.**

*If there is evidence of a possible bar or discretionary factor, continue to Section VII.C. Analysis of Bars/Discretionary Factors; if not, continue to Section VIII.A. Decision – Refer – Not Found Eligible for a Grant of Asylum.*

**2.    Claim based on well-founded fear of future persecution (WFF): (Past persecution not claimed OR not established).**

**a.    Well-founded fear established based on Mogharrabi test.**

However, you have established a well-founded fear of persecution on account of [protected ground].

To establish a well-founded fear of future persecution, applicants must show that their fear is both subjectively genuine and objectively reasonable. Applicants may establish an objectively reasonable fear by demonstrating that there is a reasonable possibility of suffering persecution.

Accordingly, it is the applicant's burden to establish that:

(1)      the applicant possesses (or is believed to possess) a protected characteristic;

USCIS00003284

(2)     the persecutor is already aware, or could become aware, that the applicant possesses that characteristic;

(3)     the persecutor has the capability of persecuting the applicant; and

(4)     the persecutor has the inclination to persecute the applicant on account of that protected characteristic.

*See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).

You fear you will be [identify harm feared] by [identify feared persecutor] if you return to [country]. **Explain how the harm the applicant fears is serious enough to rise to the level of persecution.**

You have established all four prongs of the *Mogharrabi* test for well-foundedness. **Explain how the applicant has established each of the following:**

    i)      **Possession or imputed possession of a protected characteristic. Be sure to identify the protected ground.**
            •  **If the basis of claim is a PSG that was not previously analyzed, you must analyze the PSG according to current Asylum Division guidance. See Section VI.A.3. above for additional guidance.**

    ii)     **Awareness, or reasonable possibility the persecutor could become aware, the applicant possesses a protected characteristic.**

    iii)    **Capability of the persecutor to persecute the applicant.**
            •  **If the persecutor is a non-government entity, under the capability prong also explain how the evidence shows that the government is unable or unwilling to control the persecutor.**

    iv)    **Inclination of the persecutor to persecute the applicant.**
            •  **Include that the feared persecutor is inclined to persecute the applicant on account of a protected ground.**

      **If well-founded fear is on account of religion, the NOID must show that the AO consulted the Department of State International Religious Freedom report**

**Internal Relocation**

      •  **If the persecutor is a non-government entity:**

You have established that, under all the circumstances it is not reasonable for you to relocate within your country to avoid future persecution.
            •  **Use COI or other objective evidence to establish there is no place within the applicant's country where the applicant could avoid being persecuted by the persecutor.**

USCIS00003285

- **If a place can be identified where persecution could be avoided, address factors that establish why it is not reasonable for the applicant to relocate there.**

Therefore, you have established that you are a refugee. **If the applicant is subject to the persecutor bar, delete this sentence, since, statutorily, the applicant does not meet the refugee definition. Replace it with:** Therefore, you have established that you have a well-founded fear of persecution on account of your [specify actual/imputed protected ground].

<u>**OR**</u>

- **If the Government is the persecutor:**

You must establish that, under all the circumstances it would not be reasonable for you to relocate within your country to avoid future persecution, unless the persecutor is the government or government sponsored. Since the government of [insert country] is the persecutor, it is presumed that relocation is not reasonable. The evidence does not rebut this presumption. **Note: If there is evidence that the applicant may be able to relocate to avoid the government, address how it is not reasonable to expect the applicant to do so. If the presumption is overcome, STOP and go to** Section VI.B.2.d **(Well-Founded Fear established <u>BUT</u> the applicant may relocate internally). This presumption may be overcome by a preponderance of the evidence that the applicant could avoid future persecution by relocating to another part of the applicant's country and that under all circumstances it would be reasonable to expect the applicant to do so.**

Therefore, you have established that you are a refugee. **If the applicant is subject to the persecutor bar, delete this sentence, since, statutorily, the applicant does not meet the refugee definition. Replace it with:** Therefore, you have established that you have a well-founded fear of persecution on account of your [specify actual/imputed protected ground].

***Continue to*** *Section VII.A. Applicant is Subject to a Mandatory Bar **OR** Section VII.B. Discretionary Factors Weigh Against a Grant of Asylum*

b. **Well-founded fear established based on pattern or practice – the applicant did not establish he/she would be singled out individually.**

However, you have established a well-founded fear of persecution on account of [protected ground].

A well-founded fear of persecution may be established by showing that an applicant will be singled out for persecution or that there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of one of the five characteristics in the refugee definition. 8 C.F.R. § 208.13(b)(2)(iii).

You fear you will be [identify harm feared] by [identify feared persecutor] if you return to [country]. **Explain how the harm the applicant fears is serious enough to rise to the level of persecution.**

USCIS00003286

You have established a well-founded fear of persecution by showing that there is a pattern or practice of persecution of a group of persons similarly situated to you on account of one of the five protected grounds. **[Describe the group of persons subject to the pattern or practice of persecution and provide COI or other objective evidence that they are persecuted on account of a protected ground. If well-founded fear is on account of religion, the NOID must show that the AO consulted the Department of State International Religious Freedom report. If the basis of claim is a PSG that was not previously analyzed, you must analyze the PSG according to current Asylum Division guidance. See Section VI.A.3. above. Explain how the applicant is similarly situated to that group.]**

**Internal Relocation**

- **If the persecutor is a non-government entity:**

You have established that, under all the circumstances it is not reasonable for you to relocate within your country to avoid future persecution.

- **Use COI or other objective evidence to establish there is no place within the applicant's country where the applicant could avoid being persecuted by the persecutor.**
- **If a place can be identified where persecution could be avoided, address factors that establish why it is not reasonable for the applicant to relocate there.**

Therefore, you have established that you are a refugee. **If the applicant is subject to the persecutor bar, delete this sentence, since, statutorily, the applicant does not meet the refugee definition. Replace it with:** Therefore, you have established that you have a well-founded fear of persecution on account of your [specify actual/imputed protected ground].

**OR,**

- **If the Government is the persecutor:**

You must establish that, under all the circumstances it would not be reasonable for you to relocate within your country to avoid future persecution, unless the persecutor is the government or government sponsored. Since the government of [insert country] is the persecutor, it is presumed that relocation is not reasonable. The evidence does not rebut this presumption. **Note: If there is evidence that the applicant may be able to relocate to avoid the government, address how it is not reasonable to expect the applicant to do so. If the presumption is overcome, STOP and go to Section VI.B.2.d (Well-Founded Fear established BUT the applicant may relocate internally). This presumption may be overcome by a preponderance of the evidence that the applicant could avoid future persecution by relocating to another part of the applicant's country and that under all circumstances it would be reasonable to expect the applicant to do so.**

Therefore, you have established that you are a refugee. **If the applicant is subject to the persecutor bar, delete this sentence, since, statutorily, the applicant does not meet the refugee definition. Replace it with:** Therefore you have established that you have a well-founded fear of persecution on account of [specify actual/imputed protected ground].

USCIS00003287

*Continue to Section VII.A. Applicant is Subject to a Mandatory Bar OR Section VII.B.
Discretionary Factors Weigh Against a Grant of Asylum*

**c.    Well-founded fear claimed, but applicant did NOT establish a well-
founded fear of persecution - Applicant failed to establish all four
prongs of the Mogharrabi test for well-foundedness, AND did not
establish a pattern or practice of persecution of similarly situated
people:**

You [claim/also claim] to have a fear of future persecution. To establish a well-founded fear of
future persecution, applicants must show that their fear is both subjectively genuine and
objectively reasonable. Applicants may establish an objectively reasonable fear by demonstrating
that there is a reasonable possibility of suffering persecution.

Accordingly, it is the applicant's burden to establish that:

(1)    the applicant possesses (or is believed to possess) a protected characteristic;

(2)    the persecutor is already aware, or could become aware, that the applicant
possesses that characteristic;

(3)    the persecutor has the capability of persecuting the applicant; and

(4)    the persecutor has the inclination to persecute the applicant on account of that
protected characteristic.

*See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).

You fear you will be [identify harm feared] by [identify feared persecutor] if you return to
[country]. **Explain how the harm the applicant fears is serious enough to rise to the level
of persecution.**

However, you have failed to establish all four prongs of the *Mogharrabi* test for well-
foundedness.

**Explain how the applicant failed to establish one of the prongs below; always identify the
protected characteristic:**

**i)    *Possession* or imputed possession of a protected characteristic;**

If the applicant failed to establish a well-founded fear relating to a particular social group
that was not previously analyzed, remember to formulate the PSG and address one of the
following:
- How the PSG is not cognizable; OR
- How the applicant failed to establish membership in a PSG.

USCIS00003288

In order to find a PSG cognizable, all of the following must be established:
- Immutability
- Social Distinction
- Particularity

When finding that a PSG is not cognizable, address how one of the above elements is not met.

### OR

ii)   *Awareness* or reasonable possibility the persecutor could become aware of the applicant's possession of a protected characteristic; OR

iii)  *Capability* of the persecutor to persecute the applicant;
- **In cases where the government is able and willing to control a persecutor that is a non-government entity, analyze under the capability prong.**

### OR

iv)   *Inclination* of the persecutor to persecute the applicant on account of a protected ground.

**If well-founded fear is on account of religion, the NOID must show that the AO consulted the Department of State International Religious Freedom report**

### AND

A well-founded fear of persecution can also be established by showing that there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of one of the five characteristics in the refugee definition. 8 C.F.R. § 208.13(b)(2)(iii).

You have also failed to establish a well-founded fear of persecution by showing that there is a pattern or practice of persecution of groups of persons similarly situated to you on account of one of the five protected grounds. **Describe the group of persons and use COI to explain why the evidence does not show that the group is subject to a pattern or practice of persecution. If the group is subject to a pattern or practice of persecution, explain how the applicant is NOT similarly situated to that group.**

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground.

***If there is evidence of a possible bar or discretionary factor, continue to Section VII.C. Analysis of Bars/Discretionary Factors; if not, continue to Section VIII.A. Decision - Refer – Not Found Eligible for a Grant of Asylum.***

d.   **Well-founded fear established based on either the Mogharrabi analysis OR pattern or practice of persecution of similarly situated people, BUT the applicant may relocate internally:**

USCIS00003289

You [claim/also claim] to have a fear of future persecution. To establish a well-founded fear of future persecution, applicants must show that their fear is both subjectively genuine and objectively reasonable. Applicants may establish an objectively reasonable fear by demonstrating that there is a reasonable possibility of suffering persecution.

Accordingly, it is the applicant's burden to establish that:

> (1)    the applicant possesses (or is believed to possess) a protected characteristic;

> (2)    the persecutor is already aware, or could become aware, that the applicant possesses a protected characteristic;

> (3)    the persecutor has the capability of persecuting the applicant; and

> (4)    the persecutor has the inclination to persecute the applicant on account of that protected characteristic.

*See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).

You fear you will be [identify harm feared] by [identify feared persecutor] if you return to [country]. **Explain how the harm the applicant fears is serious enough to rise to the level of persecution.**

You have established all four prongs of the *Mogharrabi* test for well-foundedness.

**Explain how the applicant has established each of the following:**

> i)    **Possession or imputed possession of a protected characteristic. Be sure to identify the protected ground.**
>    - **If the basis of claim is a PSG that was not previously analyzed, you must analyze the PSG according to current Asylum Division guidance. See Section VI.A.3. above (Past Persecution).**

> ii)    **Awareness, or reasonable possibility the persecutor could become aware, the applicant possesses a protected characteristic.**

> iii)    **Capability of the persecutor to persecute the applicant.**
>    - **If the persecutor is a non-government entity, under the capability prong also explain how the evidence shows that the government is unable or unwilling to control the persecutor.**

> iv)    **Inclination of the persecutor to persecute the applicant.**
>    - **Include that the feared persecutor is inclined to persecute applicant on account of a protected ground.**

**If well-founded fear is on account of religion, the NOID must show that the AO consulted the Department of State International Religious Freedom report**

USCIS00003290

**Internal Relocation**

However, you failed to establish that, under all circumstances it is not reasonable for you to relocate within your country to avoid future persecution.

- **If the persecutor is a non-government entity:**
  - **Use COI or other objective evidence to show that there is a place in the country where the applicant could avoid being persecuted by the persecutor.**
  - **Address factors that establish why it is reasonable for the applicant to go there**.

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground.

**OR**

- **If the Government is the persecutor:**

Since the government of [insert country] is the persecutor, it is presumed that relocation is not reasonable. However, a preponderance of the evidence establishes that you could avoid future persecution by relocating to another part of your country and that it would be reasonable to expect you to do so.

  - **Use COI or other objective evidence to show that there is a place in the country where the applicant could avoid being persecuted by the government.**
  - **Address factors that establish why it is reasonable for the applicant to go there**.

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground.

***If there is evidence of a possible bar or discretionary factor, continue to Section VII.C. Analysis of Bars/Discretionary Factors; if not, continue to Section VIII.A. Decision - Refer – Not Found Eligible for a Grant of Asylum.***

**OR**

You [claim/also claim] to have a fear of future persecution. A well-founded fear of persecution may be established by showing that there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of one of the five characteristics in the refugee definition. 8 C.F.R. § 208.13(b)(2)(iii).

You fear you will be [identify harm feared] by [identify feared persecutor] if you return to [country]. **Explain how the harm the applicant fears is serious enough to rise to the level of persecution.**

USCIS00003291

You have established that there is a pattern or practice of persecution of a group of persons similarly situated to you on account of one of the five protected grounds.
**If the basis of claim is a PSG that was not previously analyzed, you must analyze the PSG according to current Asylum Division guidance. See <u>Section VI.A.3.</u> above.**

**Describe the group of persons subject to the pattern or practice of persecution and provide COI or other objective evidence that they are persecuted on account of a protected ground. If well-founded fear is on account of religion, the NOID must show that the AO consulted the <u>Department of State International Religious Freedom report</u> Explain how the applicant is similarly situated to that group.**


**<u>Internal Relocation</u>**

However, you failed to establish that, under all circumstances it is not reasonable for you to relocate within your country to avoid future persecution.

- **<u>If the persecutor is a non-government entity</u>:**
  - **Use COI or other objective evidence to show that there is a place in the country where the applicant could avoid being persecuted by the persecutor.**
  - **Address factors that establish why it is reasonable for the applicant to go there.**

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground.

**<u>OR</u>**

- **<u>If the Government is the persecutor</u>**

Since the government of [insert country] is the persecutor, it is presumed that relocation is not reasonable. However, a preponderance of the evidence establishes that you could avoid future persecution by relocating to another part of your country and that it would be reasonable to expect you to do so.
  - **Use COI or other objective evidence to show that there is a place in the country where the applicant could avoid being persecuted by the government.**
  - **Address factors that establish why it is reasonable for the applicant to go there.**

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground.

***If there is evidence of a possible bar or discretionary factor, continue to <u>Section VII.C. Analysis of Bars/Discretionary Factors</u>; if not, continue to <u>Section VIII.A. Decision - Refer – Not Found Eligible for a Grant of Asylum</u>.***

USCIS00003292

## VII.   ANALYSIS OF BARS/DISCRETIONARY FACTORS

### A.   Applicant Found Otherwise Eligible but is Subject to a Mandatory Bar

You are subject to a mandatory bar to a grant of asylum because you [insert appropriate issue: e.g., "assisted in the persecution of others on account of a protected ground," "were firmly resettled," "were convicted of particularly serious crime," "committed a serious non-political crime," "are a danger to U.S. security," "engaged in terrorist activity," or [specify other TRIG bar(s) under INA 212(a)(3)(B)(i)] etc.]. You failed to establish by a preponderance of the evidence that the mandatory bar does not apply. **Present facts and analyze how the evidence supports a finding that the bar applies and how the applicant failed to establish by a preponderance of the evidence that the bar does not apply. Be sure to consult the relevant Asylum Division guidance. If an exemption is available, explain why the exemption will not be applied.** Therefore, you are barred from a grant of asylum.

***NOTE: If applicant is subject to a persecutor bar, delete any prior finding that the applicant is a refugee since, statutorily, the applicant does not meet the refugee definition. For all other bars, you may leave the finding that the applicant is a refugee, but conclude that he/she is barred from a grant of asylum.***

***Continue to Section VIII.A. Decision – Refer – Not Found Eligible for a Grant of Asylum.***

### OR

### B.   Applicant Found Otherwise Eligible but Discretionary Factors Weigh Against an Exercise of USCIS Discretion to Grant Asylum

The record indicates that there are negative discretionary factors that weigh against a USCIS exercise of discretion to grant asylum. **Analyze the positive and negative factors considered in reaching the decision, taking into consideration the totality of the circumstances.** Therefore, USCIS will not exercise its discretion to grant asylum.

***Continue to Section VIII.A. Decision – Refer – Not Found Eligible for a Grant of Asylum.***

### OR

### C.   Applicant Otherwise NOT Found Eligible for Asylum (e.g., not credible, did not establish past persecution or a well-founded fear) AND the Facts Indicate that a Bar "May" Apply

Although USCIS does not find you eligible for asylum because you failed to establish that you were persecuted in the past or that you have a well-founded fear of future persecution, there is also evidence that you may be subject to a mandatory bar [insert appropriate issue: e.g., "for being firmly resettled," "for having assisted in the persecution of others on account of a protected ground," "for being a danger to U.S. security," "for having engaged in terrorist activity," etc.].

USCIS00003293

The evidence indicates that you **briefly describe evidence that, if fully analyzed could result in a finding of the applicant being barred, BUT do not write a complete analysis/conclude that the applicant is or would be barred**.

*Continue to Section VIII.A. Decision – Refer – Not Found Eligible for a Grant of Asylum*.

> **OR**

> D.    **Applicant NOT Found Eligible TO APPLY for Asylum (e.g. did not meet the One-Year Filing Deadline) AND the Facts Indicate that a Bar "may" Apply**

In addition to the USCIS finding that you are not eligible to apply for asylum, there is also evidence that you may be subject to a mandatory bar [insert appropriate issue: e.g., "for being firmly resettled," "for having assisted in the persecution of others on account of a protected ground," "for being a danger to U.S. security," "for having engaged in terrorist activity," etc.]. The evidence indicates that you **briefly describe evidence that, if fully analyzed could result in a finding of the applicant being barred, BUT do not write a complete analysis/conclude that the applicant is or would be barred**.

*Continue to Section VIII.B. Decision – Refer – Not Found Eligible to Apply for Asylum (OYFD) OR Section VIII.C. Decision – Refer – Not Found Eligible to Apply for Asylum (Prior Denial)*.

## VIII. *DECISION*

> A.    **Applicant Not Found Eligible for a Grant of Asylum**

For the foregoing reasons, USCIS does not find you eligible for asylum status [OR USCIS does not exercise its discretion to grant you asylum] in the United States.

You can provide rebuttal to this notice in support of your request. You have sixteen (16) days [10 days plus 6 days for mailing] from the date of this notice to submit such rebuttal or additional evidence. Failure to respond to this notice within this allotted time may result in the denial of your request for asylum.

Please direct any response to the address on this letterhead. Mark the contents as follows:

Attention: File Number A- _____        Rebuttal  -- Z _____

> **OR**

USCIS00003294

**B.** **Applicant Found Not Eligible to Apply for Asylum (ONLY For OYFD)**

Because you did not meet the one-year filing deadline and did not qualify for an exception to the one-year filing deadline because no changed or extraordinary circumstances were established, or if established, the delay in filing was not reasonable, USCIS does not find you eligible to apply for asylum.

You can provide rebuttal to this notice in support of your request. You have sixteen (16) days [10 days plus 6 days for mailing] from the date of this notice to submit such rebuttal or additional evidence. Failure to respond to this notice within this allotted time may result in the denial of your request for asylum.

Please direct any response to the address on this letterhead. Mark the contents as follows:

<p style="text-align:center">Attention:  File Number A- _____        <u>Rebuttal</u>  -- Z _____</p>

**OR**

**C.** **Applicant Found Not Eligible to Apply for Asylum (ONLY for Prior Denial by IJ/BIA)**

For the foregoing reasons, USCIS does not find you eligible to apply for asylum in the United States.

You can provide rebuttal to this notice in support of your request. You have sixteen (16) days [10 days plus 6 days for mailing] from the date of this notice to submit such rebuttal or additional evidence. Failure to respond to this notice within this allotted time may result in the denial of your request for asylum.

Please direct any response to the address on this letterhead. Mark the contents as follows:

<p style="text-align:center">Attention:  File Number A- _____        <u>Rebuttal</u>  -- Z _____</p>

USCIS00003295

**U.S. Department of Homeland Security**
[[[ORGANIZATION_PRE_ADDRESS_TX]]]
[[[ORGANIZATION_POST_ADDRESS_TX]]]
[[[LETTERHEADER_CIS_SEAL]]]

Date:

[[[LETTER_BENEFICIARY_FIRST_NAME_TX]]]
[[[LETTER_BENEFICIARY_MIDDLE_NAME_TX]]]
[[[LETTER_BENEFICIARY_LAST_NAME_TX]]]
[[[LETTER_BENEFICIARY_IN_CARE_OF_TX]]]
[[[LETTER_BENEFICIARY_STREET_TX]]] [[[LETTER_BENEFICIARY_SUITE_APT_TX]]]
[[[LETTER_BENEFICIARY_CITY_TX]]], [[[LETTER_BENEFICIARY_STATE_TX]]] [[[LETTER_BENEFICIARY_ZIP_CD]]]

RE: [[[LETTER_BENEFICIARY_LAST_NAME_TX]]],
[[[LETTER_BENEFICIARY_FIRST_NAME_TX]]]
[[[LETTER_BENEFICIARY_MIDDLE_NAME_TX]]]  A[[[LETTER_BENEFICIARY_A_NBR]]]
[[[LOOP_OVER:LETTER_DERIVATIVE:ALL;]]]      [[[LETTER_CONTACT_LAST_NAME_TX]]], [[[LETTER_CONTACT_FIRST_NAME_TX]]] [[[LETTER_CONTACT_MIDDLE_NAME_TX]]] A[[[LETTER_CONTACT_A_NBR]]]
[[[END_LOOP]]]

## Final Denial

Dear [[[LETTER_BENEFICIARY_FIRST_NAME_TX]]]
[[[LETTER_BENEFICIARY_LAST_NAME_TX]]]:

This letter refers to your Form I-589, *Application for Asylum and for Withholding of Removal*, filed with U.S. Citizenship and Immigration Services (USCIS).

You were previously issued a Notice of Intent to Deny (NOID) your asylum claim.  You were afforded sixteen (16) days in which to offer evidence or argument in rebuttal to the discussion in the NOID. The information you submitted, however, failed to overcome the grounds for denial as stated in the NOID for the following reasons:

XXXReasonsXXX

Your asylum application is therefore denied as of XXXDenialDateXXX for these reasons listed above and the reasons contained in the NOID.  There is no appeal from this decision.  This denial includes the derivative family member(s) included in your asylum application, who are listed above. Because you are maintaining valid immigrant, nonimmigrant, parole or temporary protected (TPS) status, your asylum application will not be referred to an immigration judge for

USCIS00003305

adjudication in removal proceedings before the U.S. Department of Justice, Executive Office of Immigration review.

You must notify the Department of Homeland Security (DHS) through USCIS of any change of address within ten days of such change by submitting Form AR-11, *Alien's Change of Address Card*, to the address listed on that form. You may obtain Form AR-11 at a U.S. Post Office, a USCIS office, or online at www.uscis.gov. You may also submit a change of address electronically at www.uscis.gov

Employment Authorization:
Because your asylum application has been denied, you are not eligible to apply for or renew employment authorization based on a pending asylum application. *See* Title 8, Code of Federal Regulations section 208.7. If you have already applied for and received an Employment Authorization Document (EAD), your EAD will indicate that you were granted or renewed employment authorization based on a pending asylum application by listing "C08" in the "CATEGORY" field. Your employment authorization will terminate when your Employment Authorization Document expires or 60 days after your asylum application was denied, whichever is later. You may be otherwise eligible for employment authorization based on your valid immigrant, nonimmigrant, parole, or temporary protected (TPS) status.

Sincerely,
[[[SIGNATURE]]]

CC:
[[[LETTER_REPRESENTATIVE_FIRST_NAME_TX]]] [[[LETTER_REPRESENTATIVE_LAST_NAME_TX]]]
[[[LETTER_REPRESENTATIVE_FIRM_NAME_TX]]]
[[[LETTER_REPRESENTATIVE_STREET_1_TX]]],
[[[LETTER_REPRESENTATIVE_STREET_2_TX]]]
[[[LETTER_REPRESENTATIVE_CITY_TX]]],
[[[LETTER_REPRESENTATIVE_STATE_TX]]]
[[[LETTER_REPRESENTATIVE_ZIP_CD]]]

## PART B – Creating Immigration Records

<u>Chapter 7: Record of Proceedings (ROP)</u>

1. Records of Proceedings (ROP) basics

    a.   An ROP is an organization of certain immigration records that were considered, or referenced, during an administrative immigration proceeding that resulted in a final administrative decision or action.  An ROP is typically contained within a physical A-File or Receipt File, a NARA-compliant USCIS electronic repository (ELIS, CMS/STACKS, or CIDR [for material classified up to the secret level]), or a hybrid paper and electronic file.

    b.   An ROP can contain a wide variety of records, including:

        1)  immigration benefit applications and petitions and related submitted documentation;

        2)  removal action notices and orders;

        3)  immigration court benefit determinations and orders;

        4)  hearing or interview transcripts, sworn statements, recordings, exhibits; and

        5)  any other evidence relied upon to reach a determination in an enforcement action, legal proceeding, or adjudication process.

2. Purpose of an ROP

    a.   The ROP is critical for many functions, such as efficiently and accurately adjudicating benefit applications; administrative and judicial review of decisions; creating certified true copies (CTCs); responding to Freedom of Information Act (FOIA) requests; supporting law enforcement actions, investigations, and litigation; and dispositioning records in accordance with NARA policies and relevant retention schedules.

3. ROP responsibilities

    a.   Program Offices are responsible for determining and assembling form-specific ROPs consistent with the appropriate standard operation procedure governing the specific form type or agency action.  See item 5 below for examples.

        1)  Do not disassemble or add materials to an ROP without specific instructions from the Program Office.

    b.  Records Units are responsible for:

        1)  Assembling newly received applications and petitions (initiating documents) in the ROP order specified by the Program Office;

        2)  Ensuring a document was submitted with the application or petition at the time of filing, in response to a Request for Evidence (RFE) or Notices of Intent to Deny (NOID), or presented during an interview by the applicant or petitioner, and that it properly relates to the proceeding based on the initiating document before adding it to the paper or electronic repository containing the ROP and non-ROP records (see item 7 below for more information regarding non-ROP material);

        3)  Maintaining the ROP and not rearranging the order of documents of paper records or relabeling electronic records unless directed to and in accordance with Program Office requirements;

        4)  Determining if documents belong to the ROP or non-ROP set of documents and filing or labeling them in the electronic repository accordingly.  Please note that even if a document is considered "non-ROP" material, if it was submitted with an application or petition at the time of filing, in response to an RFE or NOID, or submitted by the applicant or petitioner (or their legal representative) at an interview, it is still a Federal record that must be handled in accordance with the appropriate retention schedule and Records policy and procedures; and

        5)  Adding <u>interfiling and action material</u>.

4. ROP creation

    a.   For every ROP, there must be an initiating document.  The initiating document sets in motion the benefit adjudication, enforcement action, or proceeding that is the subject of the ROP.  This document is the catalyst for creating the ROP.

    b.  Initiating ROP documents can include but are not limited to:

        1)  applications and petitions for immigration benefits;

        2)   removal notices such as the I-862 (Notice to Appear), I-863 (Notice of Referral to an Immigration Judge), or I-213 (Record of Deportable/Inadmissible Alien); or

        3)  the I-290B (Notice of Appeal or Motion).

    c.  The ROP is limited to records submitted by, or provided to, the individual including:

        1)  immigration benefit applications or petitions;

        2)  supporting evidence and correspondence; and

        3)  evidence collected as part of an enforcement action.

    d.  ROP material may also be received from the applicant in response to a USCIS RFE, NOID, and Requests for Originals.  RFEs and NOIDs are typically mailed to the applicant as a written notice but may also be issued during an interview or other method.  The applicant or petitioner

responses, such as providing birth certificates, marriage records, or court/arrest records, is included in the ROP "primary" evidence. For additional information regarding non-ROP evidence see item 7 below.

e.  Because A-files document an individual's history of interactions with USCIS, ICE, and CBP (and to a degree, Department of State and Department of Justice, Executive Office of Immigration Review), an A-file can have multiple initiating documents. For each initiating document, there will be a separate set of ROP and non-ROP records.

f.  Distinguishing between ROP records and non-ROP records is critical for proper immigration records management, regardless of whether the application, petition, or enforcement action is in a physical folder or an electronic records repository. As a general matter, ROP materials are subject to Privacy Act and FOIA requests without significant (or any) redaction, and they are sometimes presented to the individual during interviews. Non-ROP materials, by contrast, can be protected in whole or in part against FOIA and Privacy Act disclosure or discovery in legal proceedings if a FOIA exemption applies or if the material is covered by statutory or regulatory confidentiality and disclosure provisions. Programs overseeing benefit adjudications or enforcement actions must identify and memorialize which records comprise the ROP vs. non-ROP. Confusing the two can lead to the unintentional release of information. See item 7 below for information regarding non-ROP material.

g.  For physical A-file and Receipt Files, ROPs are stored on the left-hand side of the file folder.

   1)  CMS/STACKS content is tabbed by document type to facilitate easy inclusion or exclusion from Certified True Copies, responses to discovery, etc.

   2)  In ELIS, ROP records are included in what is called the "official record."

h.  ROP records are also sometimes referred to as "primary" evidence and non-ROP records are sometimes referred to as "secondary" evidence (See item 7 below for information regarding non-ROP material).

i.  RAILS must point to an individual's entire A-file or Receipt File, whether paper or electronic. If an A-file is hybrid paper and electronic, RAILS must point to all portions of a record.

5.  Physical A-file or Receipt File ROP assembly

a.  Additional information can be found in the USCIS Policy Manual Volume 1, Part E, Chapter 2 Record of Proceeding and the Consolidated Handbook of Adjudication Procedures (CHAP) Volume 1, Part H, Chapter 12. The CHAP also contains form-specific ROPs for the I-485, I-730, and N-400.

b.  If the Program Office's standard operating procedure (SOP) for the for the ROP does not designate left-side or right-side of the folder, then place all specified documentation on the left side of the folder and un-specified documentation on the right side of the folder in reverse chronological order with the most recent on top. Unspecified third-party agency documents, which generally require prior approval for release, shall be placed on the right-side of the folder.

c.  If the Program Office has not designated an ROP, assemble the following documents (if applicable) on the left side of the A-file or Receipt File from top-to-bottom:

   1)  Initiating Document

   2)  G28, Notice of Appearance as Attorney or Accredited Representative;

   3)  RFE notices and Intent to Deny notices; and

   4)  Documents submitted by the applicant or petitioner supporting the application or petition in reverse chronological order (most recent on top).

d.  If the folder contains any classified material, the entire folder must be treated as a classified record. See RPM Vol 3, Part C, Chapter 13 for additional policy.

   1)  Please note that ELIS and CMS/STACKS cannot hold classified material. If ROP material is classified it must be stored in a A-file and a hybrid record must be created. See RPM Volume 3, Part B, Chapter 5- Creating A-files, item 12 and Volume 3, Part C, Chapter 13- Classified Records for more information.

e.  If the information is restricted but not classified (i.e., subject to confidentiality or disclosure restrictions, third agency materials), put it in a brown envelope marked Restricted Material Pertinent to (Type of application/petition and the date of the application/petition). The envelope will be on the right-hand side of the folder.

f.  Maintain Legalization/Special Agricultural Worker (SAW) material in reverse chronological order underneath all regular documents on both sides of the file jacket.

   1)  The Immigration Reform and Control Act of 1986 gave certain individuals the right to apply for legal status. The legalization records are A-files created when people applied for legalization. Most of these files have a number between A-90, 000,000 and A93,999,999.

   2)  Use a red Form M-330, A-file Cover Sheet, to separate the legalization material from the post-legalization material.

   3)  Use the pink M-175, Cover Sheet-Record of Processing above the red cover sheet for the post legalization ROP.

g.  Do not confuse a ROP with a batch of interfiling.

   1)  While an ROP must be maintained in the order it was received, interfiling is dispersed to the proper location within a file or files.

   2)  An ROP is generally fastened with a prong fastener and typically pertains to one person and a specific action.

   3)  Interfiling contains multiple documents, often fastened with a rubber band, clip, or staple.

6.  Electronic ROPs

a. Electronic records constituting an ROP must be housed a NARA compliant repository (ELIS, EDMS, CMS/STACKS, or CIDR for material classified up to the secret level). No other system may be used for this purpose without approval from IRIS.

     1) The ROP associated with a particular initiating document, e.g., an application or petition, may not be interspersed among multiple electronic repositories or between electronic repositories and physical A-file repository. The ROP must be contained within a single such repository.

b. CMS/STACKS content is tabbed by document type to facilitate easy inclusion or exclusion from Certified True Copies, responses to discovery, etc.

c. In ELIS, ROP records are included in what is called the "official record."

7. Non-ROP material

    a. Non-ROP material is used to help the adjudicator decide whether to request the applicant or petitioner submit additional evidence.

    b. ROP initiating documents typically lead to the creation of documents that, while not part of the ROP, must be kept in the same electronic or paper file. Non-ROP documents created in association with an initiating document include those that are not received from, or provided to, the individual. They include:

     1) SOP worksheets and checklists;

     2) Record of Inquiry – TECS (ROIT);

     3) fingerprint check results;

     4) identity history summary (aka RAP sheet);

     5) FDNS memoranda; and

     6) FBI namecheck results.

    c. Non-ROP materials are stored on the right-hand side of the file. This is sometimes referred to as the "non-records" side, meaning these are documents that are still records related to an individual's immigration history but may not be part of the ROP that would be certified for an administrative appeal or Federal court. The term is misleading because these are agency records and subject to the same retention schedule other records management requirements as the left side. See Volume 1, Part B, Chapter 2- Records Definitions and Regulations for more information regarding what constitutes a federal record.

     1) CMS/STACKS content is tabbed by document type to facilitate easy inclusion or exclusion from Certified True Copies, responses to discovery, etc.

     2) In ELIS non-ROP records are maintained in the "Sensitive Documents" and/or the "Risk and Fraud" tab.

    d. Non-ROP material must be housed in the same electronic or paper repository that contains the related ROP.

Last Updated August 8, 20

USCIS00003328

## III.J. FILE MANAGEMENT

…

### 5. Record Order

Prior to submitting the file for the next step in processing, all staff members are responsible for ensuring that the file is maintained in record order.  Note: the electronic records system for an online filed Form I-589 does not follow a record order or always include the same documents as a paper A-file. Record order is as follows (listed from top to bottom):

| ASYLUM DIVISION A-FILE RECORD ORDER | |
|---|---|
| **Record Side (left hand side)**<br><br>•Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative (if any)<br>•CASE-ISS/DHS Portal cover sheet (if referral) or other applicable EOIR coversheet<br>•NTA<br>•Scan or photocopy of the entire front side of the executed I-94 card showing asylum approval (if issued)<br><br>•Decision Letter (e.g., Referral, Asylum Approval, etc.)<br>•Rebuttal to NOID (if any)<br>•Assessment or NOID*<br>•Bureau of Democracy, Labor and [Human] Rights ("DRL") Response from the Department of State (if any)<br>•Pick-Up Notice/Mail-out Notice<br>•Record of Applicant and Interpreter Oaths<br>•Waiver of Presence of Representative (if any)<br>•Interview Notices (in reverse chronological order)<br>•Acknowledgement of Receipt<br>•Change of Address notification, including Form AR-11 (if any)<br>•FD-258 Fingerprint Card (if any)<br>•Sworn statement taken at interview (if any)<br>•Form I-589, Application for Asylum and for Withholding of Removal (w/ photo(s) attached)<br>•Applicant-specific documentation submitted by applicant in support of I-589<br>•General country conditions documentation submitted by applicant in support of I-589<br>•Form G-325A, Biographic Information, submitted with asylum application (if any)<br>•Advance Parole document (if any)<br>•Form I-765, Application for Employment Authorization<br>•Additional copies of I-589 packet | **Non-Record Side (right hand side)**<br><br>• Asylum and NACARA § 203 Background Identity and Security<br><br>Checklist, with required screen prints<br>• Memos to file (if any, in chronological order)<br>• I-213 (if required)<br>• AO's interview notes<br>• Non-record Correspondence (in reverse chronological order)<br>• Service Center Checklist and database checks conducted by Service Center<br>• Miscellaneous I-797 (if any, in reverse chronological order)<br><br><br>* It is not necessary to place a copy of a principal applicant's assessment or NOID in a dependent's file.  However, the file must contain copies of the decision letter (e.g., Referral Notice) if the dependent's A-number is listed on it. |