# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al*.<br><br>Defendants. | Case No.: 1:21-cv-10083-DJC |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY IN ORDER TO COMPLETE AND/OR SUPPLEMENT THE ADMINISTRATIVE RECORD**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ....................................................................................... 1

**ARGUMENT**................................................................................................................... 1

I.      **LIMITED DISCOVERY IS NECESSARY TO DETERMINE THE SCOPE OF THE COMPLETE ADMINISTRATIVE RECORD IN THIS CASE**................... 3

      A.      **The Government concedes that it has failed to compile a complete administrative record of the Nondisclosure Policy, and thus discovery is necessary to facilitate effective judicial review.**............................................... 3

      B.      **The representations of counsel concerning the Nondisclosure Policy give rise to a routine factual dispute whose resolution will be facilitated by limited discovery.**.............................................................. 6

II.     **LIMITED DISCOVERY IS APPROPRIATE BECAUSE THE CURRENT RECORD DOES NOT PROVIDE AN EXPLANATION FOR THE NONDISCLOSURE POLICY** ............................................................................ 7

**CONCLUSION** ............................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Camp v. Pitts*,
411 U.S. 138 (1973)................................................................................................9

*Century Indem. Co. v. Liberty Mut. Ins.*,
708 F. Supp. 2d 202 (D.R.I. 2010)........................................................................5

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
401 U.S. 402 (1971)..................................................................................3, 4, 5, 9

*City of Waltham v. U.S. Postal Serv.*,
786 F. Supp. 105 (D. Mass. 1992) .........................................................................4

*Dolphin Park TT, LLC v. United States*,
159 Fed. Cl. 658 (Fed. Cl. 2022) ..........................................................................9

*Dopico v. Goldschmidt*,
687 F.2d 644 (2d Cir. 1982)...................................................................................7

*Emhart Indus. v. New England Container Co.*,
No. 06-cv-218, 2014 WL 2815674 (D.R.I. June 20, 2014) ........................................7

*Gulf Coast Bank Tr. Co. v. Reder*,
355 F.3d 35 (1st Cir. 2004)....................................................................................6

*Harrisonville Tel. Co. v. Illinois Com. Comm'n*,
472 F. Supp. 2d 1071 (S.D. Ill. 2006)................................................................7, 9

*Hosp. Ass'n of New York State, Inc. v. Toia*,
473 F. Supp. 917 (S.D.N.Y. 1979) ........................................................................7

*Jupiter v. Ashcroft*,
396 F.3d 487 (1st Cir. 2005)..................................................................................6

*Maine v. McCarthy*,
No. 1:14-cv-264-JDL, 2016 WL 6838221 (D. Me. Nov. 18, 2016).........................3

*Manker v. Spencer*,
No. 3:18-cv-372, 2019 WL 5846828 (D. Conn. Nov. 7, 2019)................................5

*Mattson v. Brown Univ.*,
925 F.2d 529 (1st Cir. 1991)..................................................................................6

*Murphy v. Comm'r*,
469 F.3d 27 (1st Cir. 2006)..................................................................................................6, 8

*Olsen v. U.S.*,
414 F.3d 144 (1st Cir. 2005)...............................................................................................6, 8, 9

*Pension Benefit Guar. Corp. v. LTV Steel Corp.*,
119 F.R.D. 339 (S.D.N.Y. 1988) ..........................................................................................4, 7

*Pleasant E. Assocs. v. Martinez*,
No. 02-cv-4144, 2002 WL 31458224 (S.D.N.Y. Nov. 4, 2002)................................................7

*Romero v. Smith Mgmt. & Consulting, LLC*,
No. 19-mc-91493, 2020 WL 3643559 (D. Mass. July 6, 2020) ...............................................5

*Sierra Club v. U.S. Army Corps of Eng'rs*,
No. 2:20-cv-396, 2022 WL 2953075 (D. Me. July 26, 2022) ......................................3, 4, 7, 8

*U.S. v. Bell Petroleum Servs., Inc.*,
718 F. Supp. 588 (W.D. Tex. 1989).......................................................................................7

*U.S. v. Dravo Corp.*,
No. 8:01-cv-500, 2003 WL 21434761 (D. Neb. June 20, 2003) ..............................................9

*Vidal v. Duke*,
No. 16-cv-4756, 2017 WL 8773110 (E.D.N.Y. Oct. 17, 2017) ................................................8

iv

## PRELIMINARY STATEMENT

The Court has determined that "Plaintiffs plausibly alleged an agencywide policy with respect to asylum proceedings," ECF No. 80 at 3—specifically, a policy of refusing to turn over records to noncitizens and their counsel in immigration proceedings, and instead directing them to file requests under the Freedom of Information Act, *i.e.* the "Nondisclosure Policy," ECF No. 57 at ¶ 2.  The government was then required to produce an administrative record of the challenged policy.  It admits it did not do so.  ECF No. 112 at 1, 4, 8.  And it argues that the Court should proceed to summary judgment on the non-record that the agency submitted—an argument the government bases solely on the unsworn assurances of government counsel that Plaintiffs' allegations about the challenged policy are incorrect.  That argument does not undermine the case for discovery; it makes it.

## ARGUMENT

The argument for discovery has been strengthened by the government's opposition brief. Plaintiffs are seeking limited discovery that would allow for completion and/or supplementation of the administrative record.  Plaintiffs' motion demonstrated that the administrative record certified by the government is insufficient for review of the Nondisclosure Policy because it contains no explanation for DHS's decision to implement the challenged policy.  ECF No. 111 at 6-7.  Among other things, Plaintiffs cited the declaration of a plaintiff attorney who was recently informed by a supervisor at the Boston Asylum Office that, to see the Record of Proceedings in an asylum case, she would need to file a FOIA request.  *See* ECF No. 110.  But while the supervisor effectively conveyed that the Nondisclosure Policy was being implemented, the administrative record supplied by the government failed to provide any explanation for the supervisor's actions.

1

*See* ECF No. 111 at 6-7.[1]  Plaintiffs thus sought discovery both to aid in the determination of the

appropriate scope of a complete administrative record, and to shed light on any additional materials

that might help explain DHS's decision to implement the Nondisclosure Policy even if not part of

the record that was before the agency. *Id.* at 11, 14-15.

In its opposition, the government acknowledged that it has not assembled an administrative

record of the policy Plaintiffs challenge. The government's brief states, "the Administrative

Record does not contain material the agency considered or relied upon in adopting the purported

Nondisclosure Policy, because it does not exist . . . ."  ECF No. 112 at 1; *see also id.* at 4, 5, 8.

While acknowledging that a regular administrative record of the challenged policy was not

produced, the government nevertheless asks the Court to presume the regularity of the record it

submitted.  And it asks the Court to do so by taking as true unsworn factual assertions denying that

the challenged policy exists.  But Courts can neither presume the regularity of a record that has

been acknowledged to be irregular, nor take an unsworn statement in a brief as evidence that a

well-pleaded allegation is incorrect.  The government's opposition only makes plain that the

appropriate scope of the record is undefined and subject to dispute—and that discovery is the only

way to allow the Court to determine the scope of the record that will be both complete and adequate

for review.

---

[1] As further evidence of the record's incompleteness, Plaintiffs also pointed to the inclusion in the record of only select portions of two agency manuals and a training. *See* ECF No.  111 at 8-9. Although Plaintiffs do not have the withheld portions of the manuals and training, they cited a prior version of a withheld section that appears potentially relevant to analysis of the Nondisclosure Policy in providing that an asylee who receives a Notice of Intent to Terminate their asylum may file a FOIA request for a copy of their file. *See* ECF No. 111 at 8; ECF No. 110-5 at 8.

I.    **LIMITED DISCOVERY IS NECESSARY TO DETERMINE THE SCOPE OF THE COMPLETE ADMINISTRATIVE RECORD IN THIS CASE.**

Although Plaintiffs previously demonstrated that the absence of materials in the record that explain or permit review of the Nondisclosure Policy warrants discovery, the government's submission has now conclusively confirmed that an administrative record of the Nondisclosure Policy is not before the Court.  Accordingly, discovery is the only way to determine what the complete administrative record should contain and resolve disputes about the scope of the record before the agency.

A.    **The Government concedes that it has failed to compile a complete administrative record of the Nondisclosure Policy, and thus discovery is necessary to facilitate effective judicial review.**

The government admits in its brief that it has not compiled an appropriate administrative record, complete with everything that was directly or indirectly relied upon by the agency in adopting the policy, as is required.[2]  *See Sierra Club v. U.S. Army Corps of Eng'rs*, No. 2:20-cv-396, 2022 WL 2953075, at *1 (D. Me. July 26, 2022); *Maine v. McCarthy*, No. 1:14-cv-264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016).  The government's concession that it has not compiled a record of the challenged policy has transformed the question before this Court and made the need for discovery all the more plain.  While the government asserts that there is no Nondisclosure Policy for which it can provide an administrative record, that contention requires the parties and the Court to conduct an inquiry; not merely take the government's unsworn

---

[2] The government's concession that it has not produced a complete administrative record of the nondisclosure policy renders academic the parties' disagreement about whether the partial inclusion of certain agency manuals in the record is evidence of the record's incompleteness.  The government contends Plaintiffs relied on speculation to conclude that certain withheld portions of agency manuals and a training were "considered or relied upon" in adopting the Nondisclosure Policy.  *See* ECF No. 112 at 11.  That is not Plaintiffs' argument.  *See* ECF No. 111 at 8-9.  In any event, Plaintiffs referenced the withheld materials simply to provide further support for the conclusion that the record produced was incomplete.  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record consists of materials "before the [agency]" at the time of its decision).

3

assertion that there is no policy at face value and accept whatever the assemblage of documents

the agency has decided to put together, as the government would prefer.  *See, e.g., Pension Benefit*

*Guar. Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 342 (S.D.N.Y. 1988) (noting that where the

policy is not easily identifiable "[t]here are compelling reasons to allow limited discovery to

proceed at this stage and to reserve a determination of what should constitute the record before the

court."); *Overton Park*, 401 U.S. at 420 ("[I]t may be that the only way there can be effective

judicial review is by examining the decisionmakers themselves.").

     The government's acknowledgement that it did not produce an administrative record of the

challenged policy has left a void that the parties and the Court must fill in order to permit review

of the policy.  *See* ECF No. 112 at 1, 4, 8; *see also* ECF No. 112-1 at 2 (stating that the record

produced by the government consisted of the record of two regulations, and a selection of other

materials, but not claiming to have produced an administrative record of the challenged policy).

There is now no question that the record of the challenged Nondisclosure Policy has not been

compiled.  But before the Court can conduct the review the Administrative Procedure Act requires,

it must be satisfied that it has a record on which it can determine whether the challenged policy is

arbitrary and capricious.  *See Overton Park*, 401 U.S. at 420; *Sierra Club*, 2022 WL 2953075, at

*1; *City of Waltham v. U.S. Postal Serv.*, 786 F. Supp. 105, 116 (D. Mass. 1992) ("[T]he reviewing

court should define the administrative record as the record that was before the agency at the time

it made the decision in issue.").

     In distinguishing other cases in which courts have determined that discovery was warranted

to shed light on the scope of a complete record, the government contends that those cases involved

circumstances not present here, including a "'strong suggestion' that the record was incomplete."

ECF No. 112 at 12 (*citing Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir. 1982).  This case, however,

4

involves more than a 'strong suggestion' of incompleteness—it involves an *admission* that the complete record of the challenged policy has not even been compiled. The government cannot rely on any presumption of the record's regularity, when it has itself conceded that a regular administrative record of the challenged policy was never assembled. *See* ECF No. 12 at 1.

Plaintiffs thus readily satisfy the standard that the government suggests is required, *i.e.*, that they "will find material in the agency's possession indictive of an incomplete record." ECF No. 112 at 12. But meeting that standard is not required here. Courts have broad discretion in determining what discovery is consistent with the needs of a particular case. *See Century Indem. Co. v. Liberty Mut. Ins.*, 708 F. Supp. 2d 202, 214 (D.R.I. 2010) ("[T]he question of whether discovery is appropriate ultimately falls within the Court's discretion"); *Romero v. Smith Mgmt. & Consulting, LLC*, No. 19-mc-91493, 2020 WL 3643559, at *7 (D. Mass. July 6, 2020) ("District courts exercise broad discretion in managing discovery matters.") (citation omitted). That discretion must account for, but is not erased by, the particular nature of APA claims. Thus, in cases involving agency-wide policy decisions not initially rendered on the basis of a formal record, courts have often found that discovery was warranted to ensure an adequate record for review without first inquiring whether the Plaintiffs had shown that they would find material indicative of an incomplete record. *See, e.g., Overton Park*, 401 U.S. at 420 (noting that the lack of disclosure of "the factors that were considered [by the Secretary] . . . it may be necessary for the District Court to require some explanation"); *Manker v. Spencer*, No. 3:18-cv-372, 2019 WL 5846828, at *19 (D. Conn. Nov. 7, 2019) (limited discovery is particularly appropriate where the challenged agency action is not a discrete agency adjudication).[3] Such discovery is amply warranted here in

---

[3] As discussed in Part II, courts have also found discovery appropriate where (1) there is a strong showing of bad faith or improper behavior *or* (2) failure to explain administrative action as to

light of the government's concession that a record permitting review of the Nondisclosure Policy

does not exist.

        **B.**        **The representations of counsel concerning the Nondisclosure Policy give rise to a routine factual dispute whose resolution will be facilitated by limited discovery.**

The manner in which the government has tried to justify its failure to produce an

administrative record of the challenged policy has made plain that there is a factual dispute about

the nature of the challenged policy that the Court cannot resolve without discovery.  In support of

its failure to produce a complete administrative record of the Nondisclosure Policy, the

government simply repeats that the policy "does not exist."  ECF No. 112 at 1, 8.

But in civil litigation, the tried-and-true way to test a complaint's allegations is not to accept

the say-so of the Defendant's lawyer; it is to elicit facts through discovery (or trial).  *Jupiter v.

Ashcroft*, 396 F.3d 487, 491 (1st Cir. 2005) ("Counsel's factual assertions in . . . legal memoranda

are not evidence and do not establish material facts.") (citations omitted); *Gulf Coast Bank Tr. Co.

v. Reder*, 355 F.3d 35, 39 (1st Cir. 2004) ("It is . . . crystal clear that bare allegations in . . . a

lawyer's brief do not carry weight[.]"); *Mattson v. Brown Univ.*, 925 F.2d 529, 531–32 (1st Cir.

1991) (finding that a statement in a party's brief, without a factual basis, "is simply not so" just

because the statement was included in the brief).  Even in the APA context—where cases are

resolved on the record before the agency—the parties agree that Courts may allow discovery to

resolve disputes about the scope of the appropriate record for review.  ECF No. 111 at 9-12; ECF

No. 112 at 7, 12-13.  Indeed, such disputes are just the kind of circumstance in which discovery is

often warranted.  *See, e.g., Dopico*, 687 F.2d at 654 (explaining that the determination of what

---

frustrate judicial review. *See Olsen v. U.S.*, 414 F.3d 144, 155-56 (1st Cir. 2005); *Murphy v. Comm'r,* 469 F.3d 27, 31 (1st Cir. 2006).

constitutes the "whole" administrative record "may itself present a disputed issue of fact when

there has been no formal administrative proceeding") (citation omitted); *Pension Benefit Guar.*

*Corp.*, 119 F.R.D. at 342 (holding that summary judgment could not be granted "without at least

permitting plaintiffs some limited discovery to explore whether some portions of the record were

not supplied to the Court").[4]  Because the Court may not resolve the disputed question in this case

by simply accepting counsel's assertion that facts that were "plausibly alleged" are untrue,

discovery is necessary to determine the scope of the complete record.[5]

## II.    LIMITED DISCOVERY IS APPROPRIATE BECAUSE THE CURRENT RECORD DOES NOT PROVIDE AN EXPLANATION FOR THE NONDISCLOSURE POLICY

Plaintiffs motion demonstrated that discovery is warranted in this case not merely because

the record is incomplete, but also because—even if complete in the sense of comprising all the

materials before the agency—the record would still fail to provide an explanation for the

nondisclosure policy.  Although the government suggests that discovery could be appropriate only

---

[4] *See also U.S. v. Bell Petroleum Servs., Inc.*, 718 F. Supp. 588, 591 (W.D. Tex. 1989); *Pleasant E. Assocs. v. Martinez*, No. 02-cv-4144, 2002 WL 31458224, at*1-2 (S.D.N.Y. Nov. 4, 2002); *Hosp. Ass'n of New York State, Inc. v. Toia*, 473 F. Supp. 917, 927-28 (S.D.N.Y. 1979); *Emhart Indus. v. New England Container Co.*, No. 06-cv-218, 2014 WL 2815674, at*2 (D.R.I. June 20, 2014); *Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 472 F. Supp. 2d 1071, 1076 (S.D. Ill. 2006).

[5] Even if the Court did accept as true the government's allegations about the policy it purports to have adopted—though it may not—discovery would still be warranted. Although asserting in its brief that it has an agency policy that is purportedly different than the Nondisclosure Policy, the government does not contend that it has provided a complete record of the material "directly or indirectly considered" in adopting the purported policy. *See Sierra Club*, 2022 WL 2953075, at *1; *see also* ECF No. 112-1 at 2.  Similarly, in addressing the present record's failure to provide any explanation for the experience of plaintiff attorney Stefanie Fisher, who was told that she would need to submit a FOIA to obtain her client's Record of Proceeding in an asylum case, *see* ECF No. 111 at 6-7; ECF No. 110-1, the government contends that "there are documents in the Administrative Record that address the [Record of Proceeding,] which is the subject of the Plaintiff's declaration," and speculates as to the contents of a specific Record of Proceedings, but does not contend that the administrative record explains the reasons underlying the policy that the Supervisor was applying, *see* ECF No. 112 at 10-11 & n.2.

"where . . . the complaining party has insinuated either that the agency acted in bad faith or that the administrative record is incomplete," ECF No. 112 at 7, that is incorrect.  Rather, in the First Circuit and elsewhere, there are several circumstances in which limited discovery, completion of the record, or supplementation of the record might be appropriate, including where the proposed record is not sufficient to facilitate effective judicial review.[6]  *See, e.g., Olsen v. United States*, 414 F.3d 144, 155-56 (1st Cir. 2005) (explaining that supplementation of record is appropriate where there is "strong showing of bad faith or improper behavior" ***or a "failure to explain administrative action as to frustrate effective judicial review"***) (citations omitted).

What is more, even if the Court could take as true the government's factual contention that the agency has a policy that is different from the Nondisclosure Policy, and even if the documents providing "information about Defendants' actual policy" were somehow a complete administrative record of that purported policy, discovery to supplement that record would *still* be appropriate because the lack of explanation about the agency's adoption of its purported policy would frustrate judicial review.  In short, because this is a case where the record compiled by the agency "fail[s] to explain administrative action as to frustrate effective judicial review," *Olsen*, 414 F.3d at 155-56, supplementation of the record is appropriate, including through limited discovery or

---

[6] *See also Sierra Club*, 2022 WL 2953075, at *7 ("A court may consider extra-record materials '(1) when necessary to determine whether the agency considered all relevant factors in making its decision; (2) when the agency has relied on extra-record materials; (3) when necessary to explain technical terms or complex subject matter; or (4) when the agency has acted in bad faith."); *Murphy,* 469 F.3d at 31 ("A reviewing court may accept evidence outside the administrative record where there 'is a strong showing of bad faith or improper behavior' by agency decisionmakers, ***or where there is a failure to explain administrative action [so] as to frustrate effective judicial review.***") (emphasis added) (citations omitted); *Vidal v. Duke*, No. 16-cv-4756, 2017 WL 8773110, at *3 (E.D.N.Y. Oct. 17, 2017) ("Inquiry outside the administrative record is appropriate in certain circumstances, including when plaintiffs make a 'strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers ***or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice.***'") (emphasis added) (citations omitted).

consideration of factors outside of the record.  *See Overton Park*, 401 U.S. at 420; *Camp v. Pitts*,

411 U.S. 138, 142-43 (1973) ("If . . . there was such failure to explain administrative action as to

frustrate effective judicial review, the remedy was . . . to obtain from the agency, either through

affidavits or testimony, such additional explanation of the reasons for the agency decision as may

prove necessary.").[7]

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiff's

Motion for leave to conduct limited discovery in order to complete and/or supplement the

administrative record.

Dated: December 21, 2023                    Respectfully submitted,


                                            /s/  Adriana Lafaille
                                            Adriana Lafaille (BBO #680210)
                                            AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                            OF MASSACHUSETTS, INC.
                                            One Center Plaza, Suite 850
                                            Boston, MA 02108
                                            (617) 482-3170
                                            ALafaille@aclum.org


                                            /s/   John T. Montgomery
                                            John T. Montgomery (BBO #352220)
                                            Thanithia Billings (BBO #699018)
                                            Amanda L. Pine (BBO #707611)
                                            ROPES & GRAY LLP
                                            800 Boylston Street

---

[7] *See also Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 472 F. Supp. 2d 1071, 1075 (S.D. Ill. 2006) (allowing limited discovery to ensure that "an agency considered all relevant factors in reaching a decision"); *Dolphin Park TT, LLC v. United States*, 159 Fed. Cl. 658, 677 (Fed. Cl. 2022) (allowing deposition testimony to supplement the administrative record); *U.S. v. Dravo Corp.*, No. 8:01-cv-500, 2003 WL 21434761, at *3 (D. Neb. June 20, 2003) (allowing limited discovery to supplement the administrative record).

9

Boston, MA 02199
(617) 951-7000
John.Montgomery@ropesgray.com

Meghan Gilligan Palermo (admitted pro hac vice)
Deanna Minasi (admitted pro hac vice)
Phillip Kraft (admitted pro hac vice)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
Meghan.GilliganPalermo@ropesgray.com