IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | STIPULATED PROTECTIVE ORDER AND FEDERAL RULE OF EVIDENCE 502(d) ORDER<br><br>Case No.: 1:21-cv-10083-DJC |

The parties, Plaintiffs and Defendants, hereby stipulate to and petition the Court to issue this protective order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, and shall accordingly comply with the following agreed upon protocol:

1.  **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, for official use only, law enforcement sensitive, and/or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1

2. **DEFINITIONS**

    2.1    <u>Action</u>: "Action" shall mean the case *Greater Boston Legal Services, et al., v. United States Department of Homeland Security, et al.*, Case No. 1:21-cv-10083-DJC (D. Mass.)

    2.2    <u>Confidential Information</u>: "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information includes:

    a. an individual's social security number, personal identification numbers, tax identification number, alien registration number ("A number"), passport numbers, driver license numbers, and any similar identifiers assigned to an individual by the federal government, a state or local government of the United States, or the government of any other country;

    b. any other information that, either alone or in association with other related information, would allow the identification of the particular individual(s) to whom the information relates;

    c. birth dates;

    d. information relating to the content or status of an individual's immigration benefit application, to the extent that information is linked with the applicant's identity;

    e. any information that is protected or restricted from disclosure by state or federal statute or regulation, but which the Court may order produced, such as information protected by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific information related to noncitizens, including but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8

    C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

f. any information that is (i) a trade secret or other confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), or (ii) confidential commercial and/or non-public proprietary information under federal law and/or regulations;

g. photographs of any person;

h. names of any individuals known to be under 18 years of age;

i. addresses, telephone numbers, and email addresses;

j. any sensitive, but unclassified, information to include limited official use or for official use only information;

k. any information compiled for law enforcement purposes, including but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security, and investigative referrals;

l. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, including but not limited to (i) bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account; and (ii) medical information, such as medical records, medical treatment, and medical diagnoses;

  m. any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2.

Confidential information does not include the names or identities of Senior Executive Service-level officials of the United States. If a designating party determines that information not described in paragraph 2.2 should be designated Confidential Information, the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. If the parties are unable to resolve the dispute within 14 calendar days, the designating party shall designate the material as containing Confidential Information and produce it. The receiving party can then challenge the confidentiality designation(s) pursuant to Section 6 of this Order.

  2.3 <u>Disclose</u>: "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, or paraphrasing would be considered a disclosure of the document itself for purposes of this Protective Order.

  2.4 <u>Document</u>: "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

  2.5 <u>Challenging Party</u>: "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

  2.6 <u>Designating Party</u>: "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

2.7     Producing Party: "Producing Party" shall mean the person or party producing in discovery in the Action.

2.8     Receiving Party: "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

**3.    SCOPE**

The protections conferred by this Order cover not only those portions of any documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of any documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information. This Order governs the disclosure, use, and handling of all such Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive. However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise.

This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible as evidence at trial. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) that becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) that is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

4. **ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

4.1     Basic Principles: A receiving party may use Confidential Information that is disclosed or produced by another party in connection with this case only for pursuing, defending, or attempting to settle this litigation. It shall not be disseminated outside the confines of this case, nor shall it be included in any pleading, record, or document that is not filed under seal with the Court or redacted in accordance with applicable law. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

4.2     Disclosure of Confidential Information or Items: Unless otherwise ordered by the Court or permitted in writing by the designating party, Confidential Information shall only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to:

a) Defendants' employees to whom disclosure is reasonably necessary for this litigation, the individual Plaintiffs, and employees of the remaining Plaintiffs to whom disclosure is reasonably necessary for this litigation;

b) Defendants' counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Defendants' counsel, support staff, or other employees cease to represent Defendants in this action for any reason, such counsel shall no longer have access to or be authorized to receive any Confidential Information;

c) Plaintiffs' counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Plaintiffs' counsel cease to represent Plaintiffs in this action for any reason, such counsel shall no longer have access to or be authorized to receive any Confidential Information;

d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e) any other person mutually authorized by both parties' counsel to examine such information;

f) the Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), court personnel, and court reporters and their staff;

g) copy or imaging or data processing services retained by counsel to assist in this litigation, provided that counsel for the party retaining the copy or imaging or data processing service instructs the service not to disclose any Confidential Information

to third parties and to immediately return all originals and copies of any Confidential Information;

h) during their depositions, (1) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (2) stenographers or videographers memorializing the deposition and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court; and

i) the author or recipient of a document containing Confidential Information or a custodian or other person with prior authorized access to the Confidential Information.

4.3   Use of Information Subject to Protective Order: Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or any other proceeding between the parties. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

4.4   Filing Confidential Information: Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the designating party (where practical, at least seven days prior to the intended filing date) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 7.2 sets forth the procedures that must be followed and the standards

that will be applied when a party seeks permission from the Court to file impounded and confidential material.

       4.5      <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>: If a receiving party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the receiving party or such individual shall promptly notify the designating party and shall not disclose any Confidential Information until the designating party has had a reasonable opportunity to inform the subpoenaed person either (a) the designating party does not object to the production of the Confidential Information or (b) that that the designating party will seek appropriate relief or protection from the proper Court to prevent the production. The designating party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

**5.**     **<u>DESIGNATING PROTECTED MATERIAL</u>**

       5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a designating party's attention that information or items that it designated for protection do not

qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material that qualifies for protection under this Order must be clearly so designated by the Producing Party prior to or at the time of production.

    a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): The designating party must affix the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" to each document that contains Confidential Information.

    b) Electronic Information Not Amenable to Marking Document: For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

    c) Testimony given in deposition: For depositions, designation of Confidential Information shall be made during the deposition on the record that should include

reasons for the assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Contains CONFIDENTIAL information subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled: "Contains CONFIDENTIAL information subject to Protective Order."

d) For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER".

e) Other documents or tangible items: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If only

a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

Any media, electronically stored information, written notes, dictation tapes, or work product of any kind that contain references to or portions of the contents of documents designed as containing Confidential Information shall bear the Confidential Information endorsement and shall be subject to the same requirements of this Order as copies or images of the Confidential Information.

If it comes to a producing party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the producing party must promptly notify all parties that it is withdrawing the designation for the applicable information.

5.3     Inadvertent Failures to Designate: If a party inadvertently fails to designate material as Confidential Information at the time of production, it shall take reasonable steps to notify all receiving persons of its failure within five business days of discovery. The producing party shall promptly supply all receiving persons with new copies of any documents bearing corrected confidentiality designations, and the receiving party shall destroy the original materials, and certify in writing to the producing party that such information has been destroyed.  Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges: Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Procedure for Challenges: The challenging party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the designating party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

6.3    Meet and Confer: The parties must attempt to resolve any dispute regarding confidential designations without court involvement. During the conferring process, the challenging party must convey its basis for the challenge and the designating party must have an opportunity to review the applicable documents and either keep or change the designation. If the designating party decides to withdraw its designation, it shall give notice of this change to the other Party. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4    Judicial Intervention: If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion to withdraw confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the designating

party agrees that it shall no longer be treated as Confidential Information or the Court rules on the challenge.

**7.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:

a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

b) make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information;

c) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

d) within five (5) calendar days notify the producing party of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

**8.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

        8.1    <u>Federal Rule of Evidence 502(d) Non-Waiver</u>:  Pursuant to Rule 502(d) of the Federal Rules of Evidence and Rule 26(b) of the Federal Rules of Civil Procedure, the production of a document, or part of a document, under this Order or in response to a document request shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This provision applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection. The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**9.**    **<u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>**

        Within 60 days after the termination of this action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, each receiving party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the designating party, depending upon the designating party's stated reasonable preference. In the course of disposing of information in its possession under this

paragraph, the receiving party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the receiving party or destroyed by the person possessing the information with written confirmation to the receiving party.

Notwithstanding this provision, counsel are entitled to retain archival electronic copies of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain or reflect Confidential Information, provided that such material is and remains clearly marked to reflect that it contains Confidential Information, and such counsel maintain the confidential nature of the discovery, as set forth in this Order. Notwithstanding the foregoing, nothing in this Order shall be construed to supersede any party's independent obligation to maintain records in accordance with the Federal Records Act or other statutory or regulatory record-keeping requirements. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.  In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

**10.   MISCELLANEOUS**

10.1   Enforceability Upon Signing: By signing the Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

10.2   Right to Further Relief: Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

10.3    Right to Assert Other Objections: By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.4    Effect of Order: This Order shall constitute a court order authorizing, but not requiring, disclosure of information designated as confidential that are relevant to the subject matter involved in the pending action, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order. Defendants reserve the right to make "reasonable efforts," as set forth in the Privacy Act, 5 U.S.C. § 552a(e)(8), to serve notice on any individuals whom Defendants believe will be affected by the disclosure of documents or information because the individuals' personally identifiable information is contained therein. Defendants do not waive this right by marking documents or information "Confidential Subject to Protective Order" or producing them in redacted form. Nothing in this Protective Order, however, should be construed as requiring Defendants to serve notice on the individuals.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 17, 2024                                      Respectfully submitted,

/s/ Adriana Lafaille__                                     BRIAN M. BOYNTON
Adriana Lafaille (BBO #680210)                             Principal Deputy Assistant Attorney General
AMERICAN CIVIL LIBERTIES UNION                             Civil Division
FOUNDATION OF MASSACHUSETTS,
INC.                                                       MARCIA BERMAN
One Center Plaza, Suite 850                                BRIGHAM J. BOWEN
Boston, MA 02108                                           Assistant Branch Directors
(617) 482-3170
ALafaille@aclum.org                                        /s/ *Andrew J. Rising*_____

17

| | |
|---|---|
| /s/ John T. Montgomery<br>John T. Montgomery (BBO #352220)<br>Amanda L. Pine (BBO #707611)<br>ROPES & GRAY LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7000<br>John.Montgomery@ropesgray.com<br><br>*Attorneys for Plaintiffs* | HILARIE SNYDER<br>ANDREW J. RISING<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 514-0265<br>andrew.j.rising@usdoj.gov<br><br>*Attorneys for Defendants* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
Hon. Denise J. Casper
United States District Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Massachusetts on [date] in the case of *Greater Boston Legal Services, et al. v. United States Department of Homeland Security, et al.*, No. 1:21-cv-10083-DJC (D. Mass.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____