# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON LEGAL SERVICES, *et al.*<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No.: 1:21-cv-10083-DJC |

**PLAINTIFFS' [PROPOSED] REPLY IN FURTHER SUPPORT OF THEIR PARTIALLY ASSENTED-TO MOTION FOR AN EXTENSION OF <u>TIME TO COMPLETE FACT DISCOVERY</u>**

Defendants do not dispute that production of documents is incomplete, that the parties are actively conferring regarding the documents already produced, that Defendants have responded to only one interrogatory, and that two depositions remain outstanding. Although the modest proposed extension of the discovery deadline is the appropriate response in this situation, Defendants suggest it should be denied for the apparent primary purpose of allowing them to continue to contend that Plaintiffs' Third Set of Interrogatories was one-day late—served on Sunday, April 14, rather than Saturday, April 13. But that is hardly a reason to oppose a modest extension that the parties plainly need, or to force premature discovery motion practice that might reasonably be averted.

*First*, with regard to Plaintiffs' Requests for Production, served on February 9, Defendants made one production of only approximately 170 documents on April 15. Production is incomplete and a number of issues remain outstanding.

While Plaintiffs will not have a full picture of the deficiencies in the production until the remainder of the documents are received, the parties discussed the near absence of emails from the

1

production and other concerns at an April 24 meet and confer. At that time, Plaintiffs requested that Defendants share the search terms used—a request initially rejected by Defendants on March 15—as well as provide other information. Defendants did not substantively respond to Plaintiffs' questions and concerns raised during that meet and confer until May 8, just five days before the May 13 date to which Defendants had agreed to extend discovery. But rather than alleviate Plaintiffs' concerns, Defendants' response merely confirms the insufficiency of Defendants' production. Among other things, Defendants' response sets forth a short list of narrowly drafted search terms that appear, on their face, wholly inadequate to identify documents and communications potentially responsive to Plaintiffs' limited document requests, raising serious questions about the purported completeness of Defendants' productions—questions that the parties are only now beginning to discuss.[1]

*Second*, with regard to interrogatories, Defendants cite the close of discovery date for their refusal to both negotiate with regard to Plaintiffs' First Set of Interrogatories and for their refusal to respond substantively to Plaintiffs' Third Set of Interrogatories.

With regard to the First Set of Interrogatories—which consisted of a single interrogatory regarding the people who are knowledgeable about the noticed Rule 30(b)(6) deposition topics—Defendants have taken the position that any attempt by Plaintiffs to narrow that interrogatory to address certain of Defendants' objections would constitute a new interrogatory, which they claim would be untimely under the current discovery deadline. While Defendants now fault Plaintiffs for not moving to compel, *see* ECF No. 119 at 3, their call for piecemeal motion practice ignores both Plaintiffs' offer to negotiate regarding the scope of the interrogatory, and that the parties have

---

[1] By way of example, the search terms shared just days ago reveal that Defendants only searched for documents relating to 8 C.F.R. § 103.2(b)(16) if those documents also included the *exact* phrase, "inspection of evidence."

been negotiating for weeks about a 30(b)(6) deposition topic covering similar subject matter that could potentially obviate the need for such motion practice.

With regard to the Third Set of Interrogatories, Defendants mechanically rely on case law from outside the Administrative Procedure Act context, even though discovery in this case was ordered to ensure the complete administrative record that *the Court* needs to conduct its review. *See* ECF No. 115.  Relying on a mistaken belief that Defendants would not object to being served on Sunday, April 14, rather than Saturday, April 13, Plaintiffs served the interrogatories one day after the thirtieth day before May 13.  But that hardly makes Defendants' refusal to respond reasonable.  Defendants claim no prejudice from a delay that did not cost them a single business day. Yet they have now made clear that an extension is the only way to avert needless motion practice seeking to resolve their timeliness objection.

An extension of the discovery period is thus necessary to adequately address these and other outstanding discovery-related questions.

| | |
|---|---|
| Dated:  May 16, 2024 | By: /s/ *Adriana Lafaille* <br> Adriana Lafaille (BBO #680210) <br> AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC. <br> One Center Plaza, Suite 850 <br> Boston, MA 02108 <br> (617) 482-3170 <br> ALafaille@aclum.org <br><br> /s/ *John T. Montgomery* <br> John T. Montgomery (BBO #352220) <br> ROPES & GRAY LLP <br> 800 Boylston Street <br> Boston, MA 02199 <br> (617) 951-7000 <br> John.Montgomery@ropesgray.com <br><br> *Attorneys for Plaintiffs* |