# Exhibit 8



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of the Director* (MS 2000)
Washington, DC 20529-2000

June 3, 2013                                                                PM-602-0085

# Policy Memorandum

SUBJECT: Requests for Evidence and Notices of Intent to Deny

**Purpose**

The purpose of this policy memorandum (PM) is to clarify the role of Requests for Evidence (RFEs) and Notices of Intent to Deny (NOIDs) in the adjudication of petitions, applications, and other requests. It revises Chapter 10.5(a) of the Adjudicator's Field Manual (AFM) – AFM Update AD12-04.

**Scope**

This PM supersedes all previous guidance and applies to all U.S. Citizenship and Immigration Services (USCIS) employees, unless specifically exempted in this PM.[1]

**Authority**

8 CFR 103.2(b)(8).

**Background**

A report issued by the Office of Inspector General (OIG) entitled "The Effects of USCIS Adjudication Procedures and Policies on Fraud Detection by Immigration Services Officers," raised issues concerning the proper use of RFEs in adjudications. The OIG report referenced a USCIS memorandum dated June 1, 2007 entitled "Removal of the Standardized Request for Evidence Processing Timeframe Final Rule, 8 CFR § 103.2(b)." That USCIS memorandum had revised Chapter 10.5(a)(2) of the AFM to read: "RFEs should, if possible, be avoided." OIG advised that this sentence has been taken out of context by some officers. In response to the OIG report, and to ensure consistency, this PM clarifies USCIS policy regarding the issuance of both RFEs and NOIDs.

---

[1] Asylum applications filed on Form I-589, Application for Asylum and for Withholding of Removal and applications filed on Form I-590, Requests for Classification as Refugee, are governed by different regulations and procedures regarding RFEs, NOIDs, denials, and failures to appear.

www.uscis.gov

USCIS00004332

PM-602-0085:  Requests for Evidence and Notices of Intent to Deny
Page 2

**Policy**
Under 8 CFR 103.2(b)(8), USCIS has the discretion to issue RFEs and NOIDs in appropriate circumstances.  USCIS also has the discretion in some instances to issue a denial without first issuing an RFE or a NOID.  This PM offers guidance as to the exercise of that discretion.  The guidance in this PM applies not only to applications and petitions, but also to requests for consideration of deferred action and to other adjudications not classified as benefit requests.  This PM emphasizes that an RFE is not to be avoided; it is to be used when the facts and the law warrant.  At the same time, an RFE is not to be issued when the evidence already submitted establishes eligibility or ineligibility in all respects for the particular benefit or service.  An unnecessary RFE can delay case completion and result in additional unnecessary costs to both the government and the individual (a term used throughout this PM to refer to the person or entity filing the particular application, petition, or other request).

**A. General Principles:  RFEs and NOIDs**
The guidance articulated under this heading is generally applicable.  However, there may be special circumstances where the general principles do not apply.  In such instances, there will be accompanying special instructions that will provide alternate guidance.  In the absence of special instructions, officers must follow these general principles.

In each case, officers must:
- Understand the specific elements required to demonstrate eligibility for the particular application, petition, or request.
- Understand the standard of proof that applies to the particular application, petition, or request.  In most instances, the individual has the standard of proving eligibility by a preponderance of the evidence.  Under that standard, the individual must prove it is more likely than not that each of the required elements has been met.
- Review all the evidence to determine whether each of the essential elements has been satisfied by the applicable standard of proof.  Fraud and national security concerns should be vetted pursuant to FDNS and CARRP protocols.

If all the essential elements have been satisfied by the applicable standard of proof, including any additional requirement to establish that the individual warrants a favorable exercise of discretion, the officer shall approve the application, petition, or request without issuance of an RFE.  8 CFR 103.2(b)(8)(i).

If the totality of the evidence submitted does not meet the applicable standard of proof, and the adjudicator determines that there is no possibility that additional information or explanation will cure the deficiency, then the adjudicator shall issue a denial.

RFEs.  If not all of the required initial evidence has been submitted or the officer determines that the totality of the evidence submitted does not meet the applicable standard of proof, the officer should issue an RFE unless he or she determines there is no possibility that additional evidence available to the individual might cure the deficiency.

PM-602-0085: Requests for Evidence and Notices of Intent to Deny
Page 3

NOIDs. The issuance of a NOID is required as described under AFM Chapter 10.5(a)(3). A NOID is required before denying any immigration benefit requests submitted on the following forms:
- Form I-800A (relating to adoptions) based on a mandatory denial ground in 8 CFR 204.309(a);
- Form I-800 based on a mandatory denial ground in 8 CFR 204.309(b); or
- Form I-485 filed by a physician under 8 CFR 245.18(i) because the physician failed to comply with the conditions attached to his or her National Interest Waiver.

A NOID is also required when derogatory information is uncovered during the course of the adjudication that is not known to the individual, according to 8 CFR 103.2(b)(16).

The issuance of a NOID is also appropriate in the following circumstances:
- There is little or no evidence submitted (e.g., a "skeletal filing"); or
- The individual has met the threshold eligibility requirements for the requested benefit or action, but has not established that he or she warrants a favorable exercise of discretion (where there is also a discretionary component to the adjudication).

**B. Additional Considerations**

In some cases, particularly where the response to an RFE opens up new lines of inquiry, a follow-up RFE might prove necessary. However, officers must include in a single RFE all the additional evidence they anticipate having to request. The officer's careful consideration of all the apparent gaps in the evidence will minimize the need for multiple RFEs.

In response to an RFE or a NOID, individuals must submit all of the requested materials together at one time, along with the original RFE or NOID. If only some of the requested evidence is submitted, USCIS will treat such submission as a request for a decision on the record. 8 CFR 103.2(b)(11).

Apart from RFEs, officers have the discretion to validate assertions or corroborate evidence and information by consulting USCIS or other governmental files, systems, and databases, or by obtaining publicly available information that is readily accessible. 8 USC 1357(b); 8 CFR 103.2(b)(16)(i). For example, an officer may, in the exercise of discretion, verify information relating to a petitioner's corporate structure by consulting a publicly available state business website. As another example, an officer may, in the exercise of discretion, corroborate evidence relating to an individual's history of nonimmigrant stays in the United States by searching a non-public, U.S. government database. Any such additional evidence must be placed in the Record of Proceeding, unless specifically exempted from inclusion, as is the case for classified materials. Further, certain types of evidence, including commercial data reports and "For Official Use Only" (FOUO) materials, must be filed and maintained separately from the Record of Proceeding. For details, please refer to AFM Chapter 10.2, *Record of Proceeding*.

Under 8 CFR 103.2(b)(16)(i), if a decision adverse to the individual is based on derogatory information, and the individual is unaware that the information is being considered, the officer

USCIS00004334

PM-602-0085: Requests for Evidence and Notices of Intent to Deny
Page 4

must advise the individual of this information and offer him or her an opportunity to rebut it before the decision is rendered. Any explanation, rebuttal, or information presented by or on behalf of the individual must be included in the record of proceeding. **There is an exception for certain classified materials.**[2]

## Use

This PM is intended solely for the guidance of USCIS personnel in the performance of their official duties. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law or by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.

## Contact Information

Questions or suggestions regarding this PM should be addressed through appropriate channels to the Office of Policy and Strategy.

---

[2] Under 8 CFR 103.2(b)(16)(ii) and (iv), a determination of statutory eligibility shall be based only on information that is contained in the record of proceeding and disclosed to the individual, except when the information is classified under Executive Order No. 12356 as requiring protection from unauthorized disclosure in the interest of national security and the classifying authority has not agreed in writing to such disclosure. Whenever the Director of USCIS believes he or she can do so consistently with safeguarding both the information and its source, the Director or his or her designee should direct that the individual be given notice of the general nature of the information and an opportunity to offer opposing evidence. The Director's or his or her designee's authorization to use such classified information shall be made a part of the record. A decision based in whole or in part on such classified information shall state that the information is material to the decision.

Under 8 CFR 103.2(b)(16)(iii), where an application may be granted or denied in the exercise of discretion, the decision to exercise discretion favorably or unfavorably may be based in whole or in part on classified information not contained in the record and not made available to the applicant, provided the USCIS Director or his or her designee has determined that such information is relevant and is classified under Executive Order No. 12356 as requiring protection from unauthorized disclosure in the interest of national security.