# Exhibit 11



**U.S. Department of Homeland Security**

**U.S. Citizenship and Immigration Services**

HQRIAO 120/13

# Interoffice Memorandum

To: All Asylum Office Personnel

From: Joseph E. Langlois
Chief, Asylum Division
Refugee, Asylum, and International Operations Directorate

Date: APR 2 0 2007

Re: Amendment of Section XVII of the *ABC-NACARA Procedures Manual*

The purpose of this memorandum is to establish a change in policy with respect to inspection of the record of proceedings by asylum applicants eligible for benefits of the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (*ABC*). The guidance contained in this memorandum amends Section XVII of the *ABC-NACARA Procedures Manual*.

I. Background

Previously, as a matter of policy, the Asylum Division permitted *ABC* asylum applicants who had submitted a Freedom of Information Act (FOIA) request to USCIS to request that an Asylum Office withhold a final asylum decision until 30 days after the agency provided its response to the FOIA request. Asylum Office personnel were instructed to grant such requests and place the case on hold; an additional extension of time could be granted to the applicant as a matter of discretion. For those who made FOIA requests, this policy allowed *ABC* asylum applicants, the vast majority of whom filed their asylum applications a number of years ago, to gain access to copies of their applications and other records in their files and provide them with an opportunity to review and respond to the information prior to USCIS using this information to issue a final decision. However, because this policy has resulted in an unacceptable delay of final decisions in hundreds of *ABC* asylum applications, the policy is being amended to allow Asylum Office personnel to proceed with the final decision without awaiting a response to the applicant's FOIA request, so long as Asylum Office personnel provide copies of the asylum application and relevant materials (as described below) whenever the applicant requests information related to the application. This amended policy allows USCIS to provide applicants the opportunity to review their records prior to adjudication without interrupting case processing for long periods of time.

www.uscis.gov

USCIS00007656

Amendment of Section XVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 2

II. <u>Description of the Change in Policy</u>

    A. <u>No Requirement to Delay Adjudication Pending FOIA Request</u>

Effective immediately and subject to the constraints outlined in Section III of this memorandum, Asylum Office personnel are no longer required to grant requests by the applicant to delay final decision on an *ABC* asylum application based solely on a pending FOIA request. If such a request is made by an *ABC* applicant, the decision to grant the request should be approved by a Supervisory Asylum Officer (SAO), or, at the Asylum Office Director's discretion, by the Deputy Director and/or Director. Decisions to delay the final decision on *ABC* asylum applications based solely on a pending FOIA request are discretionary and should be based on balancing the need to process cases in a timely manner with any compelling, case-specific factors that may merit suspending the adjudication until 30 days after the applicant receives an official FOIA response.

    B. <u>New Requirement to Provide I-589 and Supporting Documentation</u>

In order to provide *ABC* applicants with the opportunity to review their asylum applications and related information (in case they do not already have copies of them) prior to the issuance of a final decision, Asylum Officers are hereby instructed to provide in a timely manner a copy of the most recently filed[1] Form I-589, *Application for Asylum and Withholding of Removal* to *ABC* asylum applicants who request information from their A-files or who request suspension of the adjudication due to a pending FOIA request at any point during the adjudication process prior to the issuance of the final decision. In addition to the Form I-589, the Asylum Officer should provide the applicant with a copy of any supporting materials accompanying the application. Outside of providing copies of the I-589 and any supporting documentation, Asylum Office personnel are not obligated to provide copies of any other documents in the A-file to the requestor. If an applicant insists on obtaining documentation beyond these materials, Asylum Office personnel should refer the applicant to the USCIS FOIA Office for that information, but clarify that the Asylum Office will not wait for the FOIA Office's response to issue the final decision.

    C. <u>When to Provide a Copy of I-589 and Supporting Documentation</u>

If the information request is made prior to the interview, Asylum Office personnel should, to the extent time and resources permit, endeavor to provide copies of the I-589 and any supporting documentation to the applicant and any representative in sufficient time for the applicant and any representative to review the materials prior to the interview. If the request is made on the day of the interview or very shortly before the interview, Asylum Office personnel should provide copies of the application materials on the date of interview.

---

[1] *ABC* asylum applicants may choose to file a new asylum application to be used during the de novo asylum interview to the exclusion of any prior application. *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 802 (N.D. Cal. 1991) (paragraphs 7, 14 and 15). See also section XV.F.3 of the *ABC-NACARA Procedures Manual*, which provides that an *ABC* asylum applicant may elect to proceed with adjudication of an earlier, more comprehensive, I-589. When such a request is made, the Asylum Office should provide the applicant with a copy of the earlier I-589, since this will be the application used in the adjudication.

USCIS00007657

Amendment of Section XVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 3

If the request is made after the interview (e.g. in response to a NOID), Asylum Office personnel should mail copies of the I-589 and any supporting documentation as soon as practicable after the receipt of the request. Asylum Office personnel should document when copies of asylum application materials are provided to the applicant and/or representative.

    D. Providing Applicant Extra Time to Review I-589 At the Director's Discretion

Asylum Office Directors retain the discretion to allow applicants extra time to review copies of the asylum application materials provided under this amended policy by rescheduling an interview, allowing extra time before the interview, or allowing additional time to respond to a NOID.

    E. Applicability of New Policy

It is important to note that this amended policy applies only to asylum applicants determined to be eligible for *ABC* benefits, as evidenced by a completed *ABC Eligibility Checklist* or other evidence indicating that the applicant is eligible for *ABC* benefits. Asylum Office personnel are not required to provide copies of the I-589 and any supporting documents to non-*ABC*-eligible asylum applicants.

III. Cases Currently Delayed Pending a FOIA Response

For cases that have already been placed on HOLD pending a FOIA response pursuant to Section XVII of the *ABC-NACARA Procedures Manual,* Asylum Office personnel should continue, per the former policy, to delay making a final decision until 30 days after the FOIA response has been mailed to the applicant. To check whether a FOIA response has been issued to the applicant, Asylum Office personnel should call the USCIS FOIA Office at 816-350-5570. Callers should identify themselves as USCIS personnel, and the FOIA office will conduct the requested status checks.

Asylum Office personnel may resume processing cases that have already been placed on HOLD pending a FOIA response only upon the asylum applicant's written request to do so.

If an applicant with a pending FOIA request no longer wishes to pursue his or her FOIA request after receiving asylum application materials from the Asylum Office, the *ABC* asylum applicant may withdraw his or her FOIA request by writing to the USCIS FOIA Office.

IV. Outreach

Asylum Offices are instructed to conduct outreach with regard to this change in policy within their local jurisdictions, for example, by explaining the procedures contained in this memorandum during regular meetings with non-governmental organizations (NGO) or community based organizations. At the same time, HQASM will be discussing this change in policy during its next monthly NGO meeting.

---

[2] Any additional request to reschedule must be evaluated on a case-by-case basis in accordance with the guidance contained in Section XII.A of the *ABC-NACARA Procedures Manual* and Section III.V of the *Affirmative Asylum Procedures Manual* (AAPM).

V. <u>Reminder That Certain Information Must Be Provided in NOIDs</u>

    A. <u>General Requirements</u>

Asylum Office personnel are reminded that, if a Notice of Intent to Deny (NOID) is based on any country condition information or other outside sources, that material must be enclosed with the NOID and provided to the applicant or clearly identified in the NOID by a full citation pursuant to 8 CFR 208.12 (1991). Copies of all such materials should be provided unless the source is a published work, in which case a full citation may be used. Such outside sources include, but are not limited to, reports published by the Department of State (DOS), information provided by the USCIS Asylum Division's Training Research and Quality Assurance Branch, and all non-governmental sources, such as international organizations, private voluntary agencies or academic institutions. In addition, any comments received on the case from DOS should also be provided to the applicant along with the NOID, regardless of whether the NOID relies upon that information. 8 CFR 208.11(d). All materials safeguarded by the classification system established by E.O. 12356 may not be disclosed. *See* 8 CFR 208.12 (1991).

    B. <u>Requirements When a Preliminary Decision To Grant Is Changed to a NOID</u>

In the uncommon instances in which a preliminary decision to grant is reversed based on materials discovered in the A-file, the Asylum Office may not deny the application until the applicant has been informed of 1) the specific facts and reasons for such a change, 2) the right to inspect the record of proceedings, including any non-privileged adverse information, and 3) the opportunity to submit comments or evidence to rebut the notice of intent to deny. *See American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 804 (N.D. Cal. 1991) (paragraph 15). Guidance on these procedures can be found in section XVII.B.2.d of the *ABC-NACARA Procedures Manual*. The inspection of the record of proceedings in such cases is best accomplished through the applicant's submission of a FOIA request. As a reminder, every case for which a preliminary decision is reversed after review of the entire A-file must be sent to HQASM for headquarters' review prior to the issuance of the NOID. See section XVII.B.2.d of the *ABC-NACARA Procedures Manual*.

Should you have any questions concerning this memorandum, please contact **PII** Program Manager, at **PII**, Operations Branch Chief, at **PII** r **PII**

USCIS00007659

Amendment of Section XVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 5

OFFICIAL FILE
BCHRISTIAN
K:\ABC\Memos\Draft Memos\Amendment to Sec XXVII.doc



U.S. Department of Homeland Security

U.S. Citizenship and Immigration Services

HQRIAO 120/13

# Interoffice Memorandum

To: All Asylum Office Personnel

From: Joseph E. Langlois
Chief, Asylum Division
Refugee, Asylum, and International Operations Directorate

Date: APR 2 3 2007

Re: Amendment of Section XXVII of the *ABC-NACARA Procedures Manual*

The purpose of this memorandum is to establish a change in policy with respect to inspection of the record of proceedings by asylum applicants eligible for benefits of the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (*ABC*). The guidance contained in this memorandum amends Section XXVII of the *ABC-NACARA Procedures Manual*.

I. Background

Previously, as a matter of policy, the Asylum Division permitted *ABC* asylum applicants who had submitted a Freedom of Information Act (FOIA) request to USCIS to request that an Asylum Office withhold a final asylum decision until 30 days after the agency provided its response to the FOIA request. Asylum Office personnel were instructed to grant such requests and place the case on hold; an additional extension of time could be granted to the applicant as a matter of discretion. For those who made FOIA requests, this policy allowed *ABC* asylum applicants, the vast majority of whom filed their asylum applications a number of years ago, to gain access to copies of their applications and other records in their files and provide them with an opportunity to review and respond to the information prior to USCIS using this information to issue a final decision. However, because this policy has resulted in an unacceptable delay of final decisions in hundreds of *ABC* asylum applications, the policy is being amended to allow Asylum Office personnel to proceed with the final decision without awaiting a response to the applicant's FOIA request, so long as Asylum Office personnel provide copies of the asylum application and relevant materials (as described below) whenever the applicant requests information related to the application. This amended policy allows USCIS to provide applicants the opportunity to review their records prior to adjudication without interrupting case processing for long periods of time.

Amendment of Section XXVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 2

II. <u>Description of the Change in Policy</u>

    A. <u>No Requirement to Delay Adjudication Pending FOIA Request</u>

Effective immediately and subject to the constraints outlined in Section III of this memorandum, Asylum Office personnel are no longer required to grant requests by the applicant to delay final decision on an *ABC* asylum application based solely on a pending FOIA request. If such a request is made by an *ABC* applicant, the decision to grant the request should be approved by a Supervisory Asylum Officer (SAO), or, at the Asylum Office Director's discretion, by the Deputy Director and/or Director. Decisions to delay the final decision on *ABC* asylum applications based solely on a pending FOIA request are discretionary and should be based on balancing the need to process cases in a timely manner with any compelling, case-specific factors that may merit suspending the adjudication until 30 days after the applicant receives an official FOIA response.

    B. <u>New Requirement to Provide I-589 and Supporting Documentation</u>

In order to provide *ABC* applicants with the opportunity to review their asylum applications and related information (in case they do not already have copies of them) prior to the issuance of a final decision, Asylum Officers are hereby instructed to provide in a timely manner a copy of the most recently filed[1] Form I-589, *Application for Asylum and Withholding of Removal* to *ABC* asylum applicants who request information from their A-files or who request suspension of the adjudication due to a pending FOIA request at any point during the adjudication process prior to the issuance of the final decision. In addition to the Form I-589, the Asylum Officer should provide the applicant with a copy of any supporting materials accompanying the application. Outside of providing copies of the I-589 and any supporting documentation, Asylum Office personnel are not obligated to provide copies of any other documents in the A-file to the requestor. If an applicant insists on obtaining documentation beyond these materials, Asylum Office personnel should refer the applicant to the USCIS FOIA Office for that information, but clarify that the Asylum Office will not wait for the FOIA Office's response to issue the final decision.

    C. <u>When to Provide a Copy of I-589 and Supporting Documentation</u>

If the information request is made prior to the interview, Asylum Office personnel should, to the extent time and resources permit, endeavor to provide copies of the I-589 and any supporting documentation to the applicant and any representative in sufficient time for the applicant and any representative to review the materials prior to the interview. If the request is made on the day of the interview or very shortly before the interview, Asylum Office personnel should provide copies of the application materials on the date of interview.

---

[1] *ABC* asylum applicants may choose to file a new asylum application to be used during the de novo asylum interview to the exclusion of any prior application. *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 802 (N.D. Cal. 1991) (paragraphs 7, 14 and 15). See also section XV.F.3 of the *ABC-NACARA Procedures Manual*, which provides that an *ABC* asylum applicant may elect to proceed with adjudication of an earlier, more comprehensive, I-589. When such a request is made, the Asylum Office should provide the applicant with a copy of the earlier I-589, since this will be the application used in the adjudication.

Amendment of Section XXVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 3

If the request is made after the interview (e.g. in response to a NOID), Asylum Office personnel should mail copies of the I-589 and any supporting documentation as soon as practicable after the receipt of the request. Asylum Office personnel should document when copies of asylum application materials are provided to the applicant and/or representative.

    D. <u>Providing Applicant Extra Time to Review I-589 At the Director's Discretion</u>

Asylum Office Directors retain the discretion to allow applicants extra time to review copies of the asylum application materials provided under this amended policy by rescheduling an interview, allowing extra time before the interview, or allowing additional time to respond to a NOID.

    E. <u>Applicability of New Policy</u>

It is important to note that this amended policy applies only to asylum applicants determined to be eligible for *ABC* benefits, as evidenced by a completed *ABC Eligibility Checklist* or other evidence indicating that the applicant is eligible for *ABC* benefits. Asylum Office personnel are not required to provide copies of the I-589 and any supporting documents to non-*ABC*-eligible asylum applicants.

III. <u>Cases Currently Delayed Pending a FOIA Response</u>

For cases that have already been placed on HOLD pending a FOIA response pursuant to Section XXVII of the *ABC-NACARA Procedures Manual,* Asylum Office personnel should continue, per the former policy, to delay making a final decision until 30 days after the FOIA response has been mailed to the applicant. To check whether a FOIA response has been issued to the applicant, Asylum Office personnel should call the USCIS FOIA Office at 816-350-5570. Callers should identify themselves as USCIS personnel, and the FOIA office will conduct the requested status checks.

Asylum Office personnel may resume processing cases that have already been placed on HOLD pending a FOIA response only upon the asylum applicant's written request to do so.

If an applicant with a pending FOIA request no longer wishes to pursue his or her FOIA request after receiving asylum application materials from the Asylum Office, the *ABC* asylum applicant may withdraw his or her FOIA request by writing to the USCIS FOIA Office.

IV. <u>Outreach</u>

Asylum Offices are instructed to conduct outreach with regard to this change in policy within their local jurisdictions, for example, by explaining the procedures contained in this memorandum during regular meetings with non-governmental organizations (NGO) or community based organizations. At the same time, HQASM will be discussing this change in policy during its next monthly NGO meeting.

---

[2] Any additional request to reschedule must be evaluated on a case-by-case basis in accordance with the guidance contained in Section XII.A of the *ABC-NACARA Procedures Manual* and Section III.V of the *Affirmative Asylum Procedures Manual* (AAPM).

Amendment of Section XXVII of the *ABC-NACARA Procedures Manual*
HQRIAO 120/13
Page 4

V. <u>Reminder That Certain Information Must Be Provided in NOIDs</u>

    A. <u>General Requirements</u>

Asylum Office personnel are reminded that, if a Notice of Intent to Deny (NOID) is based on any country condition information or other outside sources, that material must be enclosed with the NOID and provided to the applicant or clearly identified in the NOID by a full citation pursuant to 8 CFR 208.12 (1991). Copies of all such materials should be provided unless the source is a published work, in which case a full citation may be used. Such outside sources include, but are not limited to, reports published by the Department of State (DOS), information provided by the USCIS Asylum Division's Training Research and Quality Assurance Branch, and all non-governmental sources, such as international organizations, private voluntary agencies or academic institutions. In addition, any comments received on the case from DOS should also be provided to the applicant along with the NOID, regardless of whether the NOID relies upon that information. 8 CFR 208.11(d). All materials safeguarded by the classification system established by E.O. 12356 may not be disclosed. *See* 8 CFR 208.12 (1991).

    B. <u>Requirements When a Preliminary Decision To Grant Is Changed to a NOID</u>

In the uncommon instances in which a preliminary decision to grant is reversed based on materials discovered in the A-file, the Asylum Office may not deny the application until the applicant has been informed of 1) the specific facts and reasons for such a change, 2) the right to inspect the record of proceedings, including any non-privileged adverse information, and 3) the opportunity to submit comments or evidence to rebut the notice of intent to deny. *See American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 804 (N.D. Cal. 1991) (paragraph 15). Guidance on these procedures can be found in section XVII.B.2.d of the *ABC-NACARA Procedures Manual*. The inspection of the record of proceedings in such cases is best accomplished through the applicant's submission of a FOIA request. As a reminder, every case for which a preliminary decision is reversed after review of the entire A-file must be sent to HQASM for headquarters' review prior to the issuance of the NOID. See section XVII.B.2.d of the *ABC-NACARA Procedures Manual*.

Should you have any questions concerning this memorandum, please contact [PII] Program Manager, at [PII] or [PII] Operations Branch Chief, at [PII] r [PII].

www.uscis.gov

USCIS00007664